In re William D. SMITH and Juliana M. Smith, Debtors.

Richard E. BARBER, Trustee, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plan Administrator of the State Farm Employees' Incentive and Thrift Plan for United States Employees, and Edward B. Rust, Roger Joslin and Bruce Callis, Trustees of the Plan of State Farm Employees' Incentive and Thrift Plan for United States Employees, Defendants.

Bankruptcy No. 87–82911.
Adv. No. 88–8129.

United States Bankruptcy Court, C.D. Illinois.

Jan. 18, 1990.

Herbert M. Spector, Rock Island, Ill., for plaintiff.

Kevin D. Schneider, Peoria, Ill., for defendants.

Mark Jackson, East Moline, Ill., for debtors.

## DECISION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Trustee brought this adversary proceeding against the Defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plan Administrator of the State Farm Employees' Incentive and Thrift Plan for United States Employees, and EDWARD B. RUST, ROGER JOSLIN, and BRUCE CALLIS, Trustees of the Plan of State Farm Employees' Incentive and Thrift Plan for United States Employees (collectively referred to as "STATE FARM"), seeking turnover of the Debtor's interest in a profit-sharing fund. The Debtors were allowed to intervene in the action. Presently before the Court are cross-motions for summary judgment.

The Debtor, JULIANA M. SMITH, is 54 years old and has been employed by State Farm Insurance Company since 1970. In addition to a retirement plan, State Farm Insurance Company maintains a profit sharing plan, titled The State Farm Employees' Incentive and Thrift Plan for United States Employees (THRIFT PLAN). Participation in the THRIFT PLAN is entirely voluntary. Participating employees agree to a salary reduction and the amount of the reduction is contributed by the employer to the THRIFT PLAN. Contributions to the THRIFT PLAN are also made by the employer based upon a formula involving the profit of the employer and the contributions made by reason of the salary reductions. The THRIFT PLAN also provides for the making of Supplemental Contributions by the participants not to exceed 10% of their salary. Subject to approval of the Plan Administrator, a participant faced with a hardship may withdraw contributions by the employer upon a showing of immediate and heavy financial need that results from (1) a serious illness or accident involving the participant or a member of the participant's family; (2) education needs of the participant or a dependent of the participant; or (3) the purchase of a residence. The THRIFT PLAN also provides for distribution in full at the termination of the participant's employment, if the participant so requests.

Along with her husband, the Debtor filed a Chapter 7 petition on December 16, 1987. On that date, the value of the Debtor's interest in the THRIFT PLAN was $13,584.00, consisting solely of salary reduction contributions and additional company contributions. The Trustee brought this complaint seeking turnover of the Debtor's account balance in the THRIFT PLAN. The Debtor intervened, claiming the funds as exempt. At a second pretrial conference, the parties agreed that the matter would be decided on cross-motions for summary judgment and accompanying memoranda. It was also agreed that, if necessary, a hearing would be scheduled on the Trustee's objection to the Debtor's claim of exemption. Cross-motions for summary judgment were filed and the Court received the memoranda.

■ STATE FARM contends that the THRIFT PLAN is excluded from the Debtor's bankruptcy estate under Section 541(c)(2), which provides that a restriction on the transfer of a beneficial interest of a debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable under the Bankruptcy Code. STATE FARM maintains that the reference to "non-bankruptcy law" encompasses the anti-alienation provisions of ERISA.

This Court is bound to follow the controlling authority of the District Court in *In re Silldorff*, 96 B.R. 859 (C.D.Ill.1989), where Judge Mihm held that only those retirement plans which qualify as spendthrift trusts under state law are excluded from the bankruptcy estate under Section 541(c)(2). Discussing the attributes of a spendthrift trust under Illinois law, Judge Mihm stated:

A spendthrift trust is a trust created to provide a fund for the maintenance of another while protecting the fund against the intended beneficiary's improvidence or incapacity.

To qualify as a spendthrift trust, the beneficiary thereof must show that he or she cannot alienate his or her interest therein and that he or she does not possess exclusive and effective control over distribution or termination of the trust. Of particular interest is the extent of the dominion and control which the beneficiary exercises over the plan's assets. It is also accepted that the settlor of the trust cannot establish the trust for his or her own benefit.

*Silldorff, supra*, 96 B.R. at 864 (citations omitted).

■ Despite the similarities between the THRIFT PLAN here and the one before the court in *Silldorff* which was held not to be a spendthrift trust, STATE FARM argues that the THRIFT PLAN is a true spendthrift trust. STATE FARM emphasizes that the Debtor is not a trustee of the THRIFT PLAN nor does she have any control over the terms or conditions for the granting of distributions. But neither did

the debtors in *Silldorff*. In addition to permitting the participants to borrow from the retirement plan, the plan at issue in *Silldorff* contained an almost identical provision regarding hardship withdrawals. And, just like the retirement plan in *Silldorff*, the funds in the THRIFT PLAN are distributable to a participant upon termination of employment. That alone is sufficient to disqualify the THRIFT PLAN as a true spendthrift trust. As Judge Mihm stated:

> Although the ramifications of quitting one's job simply to gain access to interests in the Plan may be sufficiently severe to prevent the abuse of this practice, the power of a beneficiary to compel total distribution of the corpus is antithetical to the nature of a spendthrift trust. Whether or not it is likely that a participant would take such extreme measures, in a true spendthrift trust there is no possible voluntary action a beneficiary can take which would initiate an early termination of the trust or invasion of the corpus. Accordingly, the Court agrees with Judge Altenberger's conclusion in [*In re*] *Sundeen* [62 B.R. 619 (Bankr.C.D.Ill.1986)] that a Plan with this provision is not a spendthrift trust under Illinois law.

*Silldorff, supra*, 96 B.R. at 864. Accordingly, this Court holds that the THRIFT PLAN is part of the Debtor's bankruptcy estate.

■ During the pendency of this case, the Illinois legislature enacted a new provision, which, in effect, permits a debtor to exempt all interests in retirement plans. That provision, Section 12–1006 of the Illinois Code of Civil Procedure provides in pertinent part:

> (c) A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public

employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.

This provision was made effective as to all cases pending on August 30, 1989. Ill.Rev. Stat. ch. 110, par. 12–1006(d). STATE FARM suggests that its motion for summary judgment must be granted on the basis of this statute. This suggestion has not elicited a response from the Trustee.

Although the issue has not been raised by the parties here, this Court agrees with Judge Kenneth J. Meyer's recent decision in *In re Summers*, 108 B.R. 200 (Bkrtcy.S.D.Ill.1989), where he held that the "pending on" language in Section 12–1006(d) was unconstitutional as having been preempted by federal statute. Under the clear language of the Bankruptcy Code, exemptions must be determined under either the federal or state law which is applicable on the date the bankruptcy petition is filed. 11 U.S.C. Section 522(b)(2)(A); *see also In re McKeag*, 104 B.R. 160 (Bkrtcy.D.Minn. 1989). Thus, the Debtor may only exempt the funds to the extent they are necessary for the support of the debtor and her dependents. As previously noted, this determination requires an evidentiary hearing.

■ Even if the Trustee would prevail at such a hearing, however, his victory may indeed be a hollow one. The Trustee only succeeds to the rights which the Debtor held as of the bankruptcy filing. The court in *Silldorff* held that the only right the Trustee succeeded to was the right to apply for a loan or a hardship distribution from the plan.[1] Thus, the only right the Trustee has here is to apply for a hardship withdrawal. Given the limited terms under which such a distribution may be granted, this Court considers it questionable whether the Trustee will so proceed.[2] But if he

---

1. Handing down a similar ruling, the court in *In re Miller*, 33 B.R. 549 (Bkrtcy.1983), noted:

> The approval of the plan administrators must be given on the assumption that the request is being made by the debtor based on the financial situation at the time of filing

bankruptcy. The plan administrators may not discriminate against the trustee or withhold its approval based on the fact that the debtor filed bankruptcy.

2. Unlike some plans, the THRIFT PLAN does not permit withdrawals upon the basis of gener-

so elects, the Debtor shall first be given a hearing on her claim of exemption in the THRIFT PLAN and the Trustee's objection thereto.

This Decision is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in a Decision entered this day;

IT IS THEREFORE ORDERED:

1. That the Debtor's interest in the THRIFT PLAN as of the filing of the bankruptcy is property of the bankruptcy estate.

2. That Section 12–1006(d) is not constitutional as applied to this case.

3. That the Trustee is given 14 days to advise the Court if he intends to apply for a hardship withdrawal. If the Trustee so advises the Court, a hearing will be set on the Trustee's objection to the Debtor's claim of exemption.

al financial hardship. See *In re Monahan,* 68 B.R. 997 (Bkrtcy.S.D.Fla.1987); *Matter of Cook,* 43 B.R. 996 (N.D.Ind.1984). Were such a provi- sion included here, the Trustee would be in better stead.