**In re Sherri L. LYONS, Debtor.**

**Robert M. MAGILL, Trustee, Plaintiff,**

**v.**

**Sherri L. LYONS, State Employees' Retirement System of Illinois, Defendants.**

**Bankruptcy No. 88–71395.**
**Adv. No. 89–7003.**

United States Bankruptcy Court, C.D. Illinois.

Jan. 26, 1990.

Mariann Pogge, Springfield, Ill., for trustee.

John Brunsman, Asst. Atty. Gen., Springfield, Ill., for State Employees' Retirement System of Illinois.

R. Stephen Scott, Springfield, Ill., for debtor.

## OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the complaint of the Trustee against the Debtor, Sherri L. Lyons, and the State Employees' Retirement System of Illinois ("SERS") seeking the turnover to the Trustee of all of the Debtor's contributions to the retirement system.

The parties have stipulated to the material facts. The Debtor filed her voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on August 19, 1988. She was 28 years old on the date of filing, and was then and still is employed by the State of Illinois, Department of Revenue, as an accountant, local tax auditor.

As a state employee, the Debtor is subject to SERS. Ill.Rev.Stat. ch. 108½, § 14–101 et seq. (1987). Participation in SERS is mandatory. § 14–103.05, 14–144. Contributions to the system are made by wage deduction pursuant to a formula set out at § 14–133. Each Department "picks up" mandatory employee contributions and treats them as employer contributions to the system in order to exclude such contributions from the employees' taxable income. § 14–133.1. See 26 U.S.C. § 414(h). Employees are permitted to withdraw their individual contributions, without any credited interest, from the system only in the event of retirement, disability, or termination of employment. §§ 14–103.26, 14–107, 14–123, 14–124, and 14–130. SERS has no provision for withdrawal of any contributions for hardship, loans or payments to creditors. SERS has never recognized any current withdrawal rights. Moreover, SERS treats all funds of the system as nonassignable; they are not subject to execution, garnishment or attachment. § 14–147.

SERS is funded from employee mandatory contributions, annual state legislative appropriations and earnings upon accumulated sums. At the present time, SERS is only 65% funded. This level of funding is adequate to pay current benefits, but it falls short of the funding that would be required to refund all mandatory contributions of current state employees and still pay accrued benefits.

SERS does not maintain a separate fund for each employee's mandatory contributions. In the event of the severance of an employee's employment due to resignation, discharge or dismissal, SERS must calculate the amount of the employee's contributions in order to determine the appropriate refund.

Retirement annuities are made available to state employees after eight years of creditable service upon obtaining the age of 60, or after 35 years of creditable service at any age. The amount of the retirement

annuity is not related in any way to the employee's mandatory contributions, but rather represents a percentage of the employee's final average compensation for periods of service with the State of Illinois.

In the case at bar, the Debtor made mandatory contributions to SERS at the statutory rate for nine years and ten months. The Debtor's mandatory contributions to SERS through June, 1988, total $6,076.63. The Trustee is seeking the turnover of all the Debtor's contributions to SERS as of the date of filing, August 19, 1988, pursuant to 11 U.S.C. § 542.

■ The first issue before the Court is whether the Debtor's mandatory contributions to SERS are part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1), or whether they are excluded from the estate pursuant to the spendthrift provision of § 541(c)(2). The Court thoroughly analyzed this issue in *In re Dagnall*, 78 B.R. 531 (Bankr.C.D.Ill.1987) and concluded that a state employee's contributions to SERS are part of the bankruptcy estate. The Court's review of recent case law only reinforces the *Dagnall* holding. *See In re Swanson*, 873 F.2d 1121, 1124 (8th Cir. 1989) (Funds held in state-created teacher's retirement plan property of bankruptcy estate); *In re Goldberg*, 98 B.R. 353, 358 (Bankr.N.D.Ill.1989) (Proceeds of public school teacher's pension and retirement plan property of estate); *In re Perkins*, 1988 WL 120651 (N.D.Ill.1988); *In re Silldorff*, 96 B.R. 859, 866 (C.D.Ill.1989). Therefore the Court declines the Defendant's invitation to reconsider *Dagnall*.

■ The next issue before the Court is whether the Debtor's mandatory contributions to SERS are exempt. Unlike the debtor in *Dagnall*, the Debtor in this case has not claimed her interest in SERS to be exempt as reasonably necessary for her support under Ill.Rev.Stat. ch. 110, § 12–1001(g)(5)[1]. Since she is only 28 years old, and earning a substantial salary, the Debtor recognized that the Court would not view her pension funds as necessary for her support. Instead, the Debtor claims her interest in the pension plan as exempt under Ill.Rev.Stat., ch. 108½, § 14–147 (the Illinois Act creating SERS—exemption provision) and ch. 110, § 12–704 (Illinois Code of Civil Procedure—Garnishment exemption).

The Court addressed the SERS exemption provision in *In re Bartlett*, No. 87–71946 (Bankr.C.D.Ill. June 30, 1988) where the Court noted that the SERS exemption provision exempted only "annuities," "other benefits payable," and "accumulated credits." Since the "annuities" and "other benefits payable" provisions were clearly inapplicable, the Court focused on the provision for "accumulated credits." After reviewing the pension code, the Court found that the term "accumulated credits" referred to the length of service upon which the amount of benefits are based and activities outside of actual state service which are credited as service. The Court further found that "accumulated credit" did not refer to employee contributions to SERS. Therefore, the Court held that § 14–147 did not exempt the debtor's interest in the retirement fund.

The Defendants urge the Court to reconsider *Bartlett*, arguing that the Court's reading of the pension code is overly restrictive and inconsistent with the purpose of the pension code. The Court has reread the pension code with particular emphasis on the term "accumulated credits" as it is used in the code. What the Defendants perceive to be a "limited interpretation" of "accumulated credits" the Court still sees as a plain reading of the statute. As the Court noted in *Bartlett*, the Illinois legislature has demonstrated the ability to clearly and unequivocally exempt an employee's contributions to a statutory state retirement system. *See In re Simpson*, 115 B.R. 142 (Bankr.C.D.Ill.1988) (Teachers' Retirement System pension exempt under

---

1. The Illinois legislative recently enacted a new pension and retirement exemption which became effective on August 30, 1989. The new statute eliminated § 12–1001(g)(5) and added § 12–1006 which specifically exempts a debtor's interest in annuities, benefits, contributions, and refunds of contributions.

Ill.Rev.Stat. ch. 108½, § 16–190). The Court will not speculate as to why the Illinois legislature would exempt a teacher's contributions to the Teachers' Retirement System but not a state employee's contributions to SERS.

■ During the pendency of this case, the Illinois legislature amended Paragraph 14–147 of the Illinois Pension Code to specifically include contributions of employees to the Illinois Retirement System. In addition, the legislative added a paragraph declaring that the amendments were intended to be a clarification of existing law, rather than a change in the law. The amended Paragraph 14–147 reads as follows:

§ 14–147. Annuities, etc.—Exempt. Except as provided in this Article, all moneys in the fund created by this Article, and all securities and other property of the System, and all annuities and other benefits payable under this Article, and all accumulated contributions and other credits of employees in this System, and the right of any person to receive an annuity or other benefit under this Article, or a refund or return of contributions shall not be subject to judgment, execution, garnishment, attachment, or other seizure by process, in bankruptcy or otherwise, nor to sale, pledge, mortgage or other alienation, and shall not be assignable. A person receiving an annuity or benefit, or refund or return of contributions, may authorize withholding from such annuity, benefit, refund or return of contributions in accordance with the provisions of the "State Salary and Annuity Withholding Act", approved August 21, 1961, as now or hereafter amended.

The General Assembly finds and declares that the amendment to this Section made by this amendatory Act of 1989 is a clarification of existing law, and an indication of its previous intent in enacting and amending this Section. Notwithstanding Section 1–103.1, application of this amendment shall not be limited to persons in service on or after the effective date of this amendatory Act of 1989.

Ill.Rev.Stat., ch. 108½, para. 14–147 (effective August 23, 1989) (amendments underlined).

The Defendants argue that this amended statute settles the issue before the Court. The Court agrees with the Defendants insofar as the amended statute clearly exempts contributions to SERS for cases filed after the effective date of the amended statute.[2] However, the Court disagrees with the Defendants' argument that the amended statute is applicable to cases like this one which were filed prior to the effective date of the amended statute.

It is well-settled that exemptions for debtors in Illinois must be determined under the Illinois law which is applicable on the date the bankruptcy petition was filed. 11 U.S.C. § 522(b)(2)(A). Two recent Illinois bankruptcy courts have held that the new exemption for retirement plans found in Ill.Rev.Stat., ch. 110, para. 12–1006 was not available for debtors who filed before the effective date of the new statute. *In re Smith,* 115 B.R. 144 (Bankr.C.D.Ill.1990) (Altenberger, J.); *In re Summers,* 108 B.R. 200 (Bankr.S.D.Ill.1989). This holding is consistent with the decisions of other bankruptcy courts which have held that a debtor's retirement exemption is determined as of the date of the filing of the bankruptcy petition notwithstanding any postpetition modification or amendment to the state exemption law. *In re Syrtveit,* 105 B.R. 599, 605–06 (Bankr.D.Mont.1989); *In re McKeag,* 104 B.R. 160, 165 (Bankr.D.Minn.1989); *In re Kincaid,* 96 B.R. 1014, 1020 (9th Cir. BAP 1989). Accordingly, the Court must apply the exemption provision of Paragraph 14–147 as it read on August 19, 1988, the date this petition was filed.

■ The Defendants focus on the new last paragraph in Paragraph 14–147 which states that the new amendment "is a clari-

---

**2.** Although the Court foresees the potential for abuse of the new exemption provision by debtors with substantial assets in retirement plans, *See In re Sundeen,* 62 B.R. 619, 620 (Bankr.C.D. Ill.1986), the Court does not question the authority of the Illinois legislature to create such a broad exemption. Abuses of the exemption provision may be dealt with through 11 U.S.C. § 707(b) or objections to the exemption. *See In re Krantz,* 97 B.R. 514 (Bankr.N.D.Iowa 1989).

fication of existing law, and an indication of its previous intent in enacting and amending this Section." Thus, the Defendants argue that the new amendments did not really change the law, but rather made it clear that the Debtor's contributions to the retirement fund were exempt all along. The Court is not persuaded by this argument. The Court views the amendments as a substantial change in the statute. Even a cursory review of the underlined amendments in the new statute indicates that the statute has been almost completely rewritten. The Court views the "clarification" language in the amendments as an attempt by the Illinois legislature at retroactive legislation. This retroactive provision is in conflict with 11 U.S.C. § 522(b)(2)(A), and therefore unenforceable under the supremacy clause of the United States Constitution. *In re Summers, supra; In re McKeag, supra,* 104 B.R. at 165.

The Debtor also seeks to exempt her contributions to SERS pursuant to Ill. Rev.Stat. ch. 110, § 12–704, which provides as follows:

> Benefits and refunds payable by pension or retirement funds or systems and any assets of employees held by such funds or systems, and any monies an employee is required to pay to such funds or system are exempt and are not subject to garnishment under part 7 of Article XII of this Act.

The Court finds this exemption provision to be inapplicable to the instant bankruptcy turnover proceeding. By its own terms, the garnishment statute confines its pension exemption to garnishment proceedings. Since the instant proceeding is not a garnishment proceeding, the exemption in § 12–704 does not help the debtor.

The final issue before the Court is whether the Trustee can compel the turnover of the Debtor's contributions to SERS absent the termination of the Debtor's employment with the State of Illinois. This is the first time the Court has had the opportunity to address this issue.

SERS' first line of defense is the recent Supreme Court decision in *Hoffman v. Connecticut Income Maintenance, et al.,* — U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) where the Court held that § 106(c) of the Bankruptcy Code does not authorize a Bankruptcy Court to issue a money judgment against a State that has not filed a proof of claim in the bankruptcy proceeding. *Hoffman* involved two adversaries—a § 542(b) turnover proceeding to recover an account receivable under a Medicaid contract with Connecticut and a § 547(b) preference action against the Connecticut Revenue Department for tax payments made within the preference period. The Supreme Court found that § 106(c) did not abrogate the Eleventh Amendment immunity of the States. Therefore, the Court held that the actions under §§ 542(b) and 547(b) of the Bankruptcy Code were barred by the Eleventh Amendment.

Relying on *Hoffman,* SERS argues that the instant turnover action is also barred by the Eleventh Amendment. The Court disagrees. SERS has not convinced the Court that it should be regarded as an alter ego of the state for Eleventh Amendment purposes. *See Blake v. Kline,* 612 F.2d 718 (3rd Cir.1979); *Fitchik v. New Jersey Transit Rail Operations,* 873 F.2d 655 (3rd Cir.1989). The most important factor in determining the applicability of the Eleventh Amendment is whether the judgment will have to be paid from the state treasury. *Blake,* 612 F.2d at 723. In this case, the Trustee is not seeking the turnover of state contributions to the fund; the Trustee only seeks the turnover of the Debtor's contributions to the fund. The satisfaction of any turnover order in this case will come from SERS funds, not from the general state treasury. Therefore, the Eleventh Amendment does not insulate SERS from the Trustee's turnover action.

SERS next argues that the Trustee cannot compel the distribution of the SERS funds because the Debtor has no present right of distribution to these funds. Support for this position is found in *In re Loe,* 83 B.R. 641 (Bankr.D.Minn.1988) and *In re Silldorff,* 96 B.R. 859 (C.D.Ill.1989).

In *Loe,* the debtors claimed their interest in an ERISA pension plan was not property

of the estate because it was a traditional spendthrift trust. The Court rejected this argument because the debtors exerted too much control over the funds in the plan by virtue of their right to borrow money from the plan and to receive a distribution upon retirement or termination of employment. Nevertheless, the Court refused to order the immediate turnover of the funds to the Trustee:

> Having found that the Debtors' interest in the Plan is the property of the estate, the Court is nevertheless bound to conclude that the trustee has no immediate right to the funds representing Debtors' interest in the Plan; nor does he have the right to assign or sell the estate's interest in the Plan. Under 11 U.S.C. § 541, the trustee succeeds only to the title and rights in property that the Debtors had, and he takes the property subject to the same restrictions that existed at the commencement of the case. *See: Calvert v. Bongards Creameries*, 835 F.2d 1222 (8th Cir.1987). A debtor's rights may not be expanded beyond what they were at the commencement of the case. H.R.REP. NO. 595, 95th Cong., 1st Sess. 367–68 (1977); S.REP. NO. 989, 95th Cong., 2d Sess. 82–3 (1978) U.S.Code Cong. & Admin.News 1978 pp. 5787, 5868, 5869, 5963, 6322, 6325. Accordingly, the trustee's interest in the pension plan must be limited to the same extent as the Debtors' interest. Since the Debtors have no right to present distribution (Stipulation of Facts, p. 8), neither does the trustee.

*Loe*, 83 B.R. at 646. However, the Court ordered the debtors to turn over to the Trustee the funds representing their interest in the pension plan "as and when the Debtors, or either of them, would otherwise become entitled to a distribution of the funds under the terms of the Plan." *Id.* at 647. The Court acknowledged that this would "cause unsecured creditors to face a potentially lengthy delay in satisfaction of their claim," but found that "the goal of expeditiously administering estates is subordinate to the basic principle that § 541 of the Bankruptcy Code 'does not create new substantive right in the proper-

ty of the estate.' " *Id.* at 646, *quoting In re Schauer*, 62 B.R. 526, 532 (D.Minn.1986).

*Loe* was cited with approval by the District Court in *In re Silldorff*, 96 B.R. 859. In *Silldorff*, the Trustee sought to reach the debtors' interests in certain ERISA pension plan accounts. The Court found that the debtors' ability to quit their jobs and receive lump-sum distributions from the pension plan, free and clear of claims and interest, constituted sufficient control to disqualify the pension plans as spendthrift trusts under Illinois law for purposes of the spendthrift trust exclusion from the bankruptcy estate. As in *Loe*, the Court found that the Trustee was not entitled to compel a turnover of the pension plan assets because the debtor was not entitled to a distribution at the time of the filing of the petition:

> If a debtor does not possess an asset or a present right to demand, merely filing a petition for bankruptcy cannot create it. The Court agrees that the Trustee is only entitled to the property or assets which the debtors could demand.

> \* \* \* \* \* \*

> The filing of a petition does not terminate an employee's relationship with an employer, nor does it increase the amount of assets in which the debtor may have held an interest; it merely changes the party who can demand or claim the assets.

96 B.R. at 866. Unlike the *Loe* Court, the *Silldorff* Court did not indicate that the case should remain open until the debtor attained a present right to distribution from the plan.

The Trustee's position that the Court should order the immediate turnover of the Debtor's contributions to SERS is supported by the recent Eighth Circuit opinion of *In re Swanson*, 873 F.2d at 1121. The debtors in *Swanson* were both public school teachers who were required to belong to the state-created Teachers' Retirement Plan as a condition of their employment. The Court of Appeals held that the mandatory contributions of the debtors and their employers to the statutorily created

teachers' retirement fund were property of the bankruptcy estate. This holding was based on the fact that the debtors were able to exercise dominion and control over the monies in the fund by terminating their employment and receiving a refund of their contributions. The Court stated that the retirement fund "is actually a form of deferred compensation, whereas a spendthrift trust is generally used to provide for the maintenance and support of its beneficiaries." *Id.* at 1124. In conclusion, the Court of Appeals affirmed the Bankruptcy Court's order compelling the Teachers' Retirement Plan to turn over to the Trustee the debtors' interest in the plan. Unfortunately, the Court of Appeals did not discuss the reasoning behind its conclusion to order a turnover of the retirement funds. *Accord, In re Kincaid, supra,* (Bankruptcy Appellate Panel affirmed Bankruptcy Court order requiring turnover of debtor's interest in ERISA plan).

With these cases as background, the Court must struggle with the following conundrum: If the Debtor's contributions to SERS are property of the estate and are not exempt, how can the Trustee recover the funds for the benefit of the bankruptcy estate if the Trustee has only the interest to the funds that the Debtor had at the time of the filing (i.e., the right of distribution in the event of retirement, disability or termination of employment)? Clearly, the Court will not force the Debtor to quit her job in order to compel a refund of her SERS contributions. Such an order would seriously impair the "fresh start" provided to the Debtor by the Bankruptcy Code. On the other hand, allowing the Debtor to quit her job and receive the refund of her SERS contributions, free and clear of all claims and other interests, would result in a windfall to the Debtor.

This Court finds the *Silldorff* holding that a debtor's retirement contributions are nonexempt property of the estate, but that the trustee cannot recover the funds for the estate to be anomalous and inconsistent. If the funds are property of the estate and the debtor cannot claim them as exempt, then the trustee should be able to require the turnover of these funds to the estate.

The Court finds some merit in the *Loe* holding wherein the trustee is not entitled to an immediate turnover of the retirement funds, but the debtor must turn over to the trustee all the contributions to the retirement plan as of the date of filing when the debtor becomes entitled to a distribution of the retirement funds under the terms of the plan. While this may be the theoretically correct result, the Court also finds it to be administratively unreasonable and impractical. The case at bar serves as an example. The Debtor is 28 years old. If she spends the rest of her career as a state employee, it will be over thirty years before she is entitled to any distribution from SERS. By that time, it will be difficult to locate any creditors if they still exist. The burden on the Court and the Trustee to keep the case open and monitor it would be excessive. Thus, as a practical matter, the Court finds the *Loe* solution to be no real solution.

This Court believes the best solution is simply to order SERS to immediately turn over to the Trustee the Debtor's contributions to the retirement plan. Both the Eighth Circuit and Ninth Circuit Bankruptcy Appellate Panel have approved turnover orders directed to retirement funds. *In re Swanson, supra; In re Kincaid, supra.* While these cases did not specify the legal basis for their decisions, this Court finds such a basis in 11 U.S.C. § 105 which provides that "[t]he court may issue any order, process, or judgment that is necessary to carry out the provisions of this title." This provision gives the Court the inherent power to accomplish the goals of the Bankruptcy Code, including the prompt administration of the bankruptcy estate and an equitable distribution of the debtor's assets to the creditors. These goals would be frustrated if the Court were to deny any distribution to creditors (e.g., *In re Silldorff*) or to delay distribution for so long that distribution is effectively denied (e.g., *In re Loe*). The only practical solution is to compel the immediate turnover of the Debtor's contributions to SERS, and § 105 gives the Court the authority to so order.

In conclusion, the Court finds that the Debtor's contributions to the State Employees' Retirement System of Illinois are property of the estate under 11 U.S.C. § 541(c)(1), they are not exempt under Ill. Rev.Stat. ch. 110 § 12–1001(g)(5), § 12–704, or ch. 108½, § 14–147, and the Trustee is entitled to an immediate turnover of the Debtor's contributions to the retirement system.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.