**In re Leonard L. GARDNER and Conus L. Gardner, Debtors.**

**In re Paul J. HARRIS and Elizabeth A. Harris, Debtors.**

**In re James E. GRIBBLE, Debtor.**

**Bankruptcy Nos. 88–20027 M, 90–40042 M and 90–15085 F.**

United States Bankruptcy Court, E. & W.D. Arkansas.

Dec. 31, 1991.

James C. Luker, Wynne, Ark., for Leonard and Conus Gardner.

Daniel K. Schieffler, West Helena, Ark., trustee for Leonard and Conus Gardner.

Stephen Bennett, Sherwood, Ark., Richard L. Ramsay, trustee, Little Rock, Ark., for Paul and Elizabeth Harris.

Terry A. Zelinski, Fayetteville, Ark., for James E. Gribble.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

All three of the above-styled cases concern the same legal issue and involve the same operative facts. Each of the debtors filed a voluntary petition under the provisions of chapter 7 during the time that a debtor's entitlement to exempt property was limited to state exemptions pursuant to Ark.Code Ann. § 16–66–217 (1987).[1]

On March 5, 1991, Ark.Code Ann. § 16–66–217 (1987) was amended to allow residents of Arkansas to claim either state or federal exemptions. In each of the above-styled cases, the debtors amended their claims of exemption from the state to the federal exemption pursuant to the amended statute.

The trustee in each case objected to the debtors' amendments on the ground that the amended exemption statute is not available to these debtors because exemptions are to be determined by the law in effect on the date the bankruptcy petition is filed.

The proceedings before this Court are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court has jurisdiction to enter final judgments.

## DISCUSSION

Before being amended in 1991, Ark.Code Ann. § 16–66–217 provided as follows:

In accordance with the provisions of § 522(b) of the Bankruptcy Code of 1978, residents of this state shall be prohibited from using the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978, the applicable exemptions to be those permitted by the Constitution and laws of the State of Arkansas.

Ark.Code Ann. § 16–66–217 (1987).

In 1991, the Arkansas General Assembly amended § 16–66–217 to provide as follows:

---

1. Although Gribble's case was converted from chapter 13 to chapter 7 after the date of the amendment, the filing date of his chapter 7 is determined to be the date his chapter 13 case was filed. *See* 11 U.S.C. § 348(a).

Residents of this state having the right to claim exemptions in a bankruptcy proceeding pursuant to 11 U.S.C. § 522 shall have the right to elect either:

(i) The property exemptions provided by the Constitution and the laws of the State of Arkansas; or

(ii) The property exemptions provided by 11 U.S.C. § 522(d).

Ark.Code Ann. § 16–66–217 (Supp.1991). The emergency clause for this legislation provided in pertinent part:

[This Act] shall be in full force and effect from and after its passage and approval.

1991 Ark. Acts 345, § 6. Act 345 became effective on March 5, 1991.

■ A debtor's right to exemptions is generally determined as of the date the bankruptcy petition is filed "notwithstanding any post-petition modification or amendment to the state exemption law." 11 U.S.C. § 522(b)(2)(A); Federal Rules of Bankruptcy Procedure 1007(c) and 4003(a). *Magill v. Lyons (In re Lyons),* 114 B.R. 572, 575 (Bankr.C.D.Ill.1990), *rev'd on other grounds* 118 B.R. 634 (C.D.Ill.1990), citing *Watson v. Kincaid (In re Kincaid),* 96 B.R. 1014, 1020 (Bankr. 9th Cir.1989), *rev'd on other grounds sub nom. John Hancock Mut. Life Ins. Co. v. Watson (In re Kincaid),* 917 F.2d 1162 (9th Cir.1990); *In re Syrtveit,* 105 B.R. 599, 605–06 (Bankr. D.Mont.1989); *In re McKeag,* 104 B.R. 160, 165 (Bankr.D.Minn.1989). *Accord First Nat'l Bank of Mobile v. Norris,* 701 F.2d 902, 905 (11th Cir.1983). An exception to the general rule for determining exemptions exists when an amendment to a state exemption statute is to be applied retroactively.

■ Bankruptcy courts interpreting the retroactive versus prospective application of exemptions have looked to state law for guidance. *See First Nat'l Bank of Mobile v. Norris,* 701 F.2d 902, 905 (11th Cir.1983); *Magill v. Lyons (In re Lyons),* 114 B.R. 572, 575 (Bankr.C.D.Ill.1990), *rev'd on other grounds* 118 B.R. 634 (C.D.Ill.1990). Arkansas courts have held that statutes are to be given prospective application, unless a retroactive application is indicated by "the unequivocal and inflexible import of the terms and the manifest intention of the legislature." *Gannett River States Publishing Co. v. Arkansas Indus. Dev. Comm'n,* 303 Ark. 684, 799 S.W.2d 543, 546 (1990), quoting *United States v. Security Indus. Bank,* 459 U.S. 70, 79, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982). The language of *Security Industry Bank* has been cited with approval in other Arkansas cases. *See, e.g., Arkansas Rural Medical Practice Student Loan & Scholarship Bd. v. Luter,* 292 Ark. 259, 729 S.W.2d 402, 403 (1987); *Abrego v. United Peoples Fed. Sav. & Loan Ass'n,* 281 Ark. 308, 664 S.W.2d 858, 861 (1984).

To determine whether retroactive application of the exemption statute was intended, the wording of the act or statute must be scrutinized. Act 345 specifically states that "this act ... shall be in full force and effect *from and after its passage and approval.*" (Emphasis supplied.) Courts have determined that the phrase "from and after its passage and approval" means the statute should be given only prospective application. *See e.g. Luter,* 292 Ark. 259, 729 S.W.2d 402–03 (1987); *Walker County Fertilizer Co. v. Napier,* 184 Ga. 861, 193 S.E. 770 (1937); 82 C.J.S. *Statutes* § 413 at 980 (1953). No language in Act 345 or its emergency clause supports the argument that the Arkansas General Assembly intended Act 345 to have retroactive effect.

■ Each of the debtors also made the argument that Bankruptcy Rule of Procedure 1009 allows them to amend their petition at any time, and, therefore, they should be allowed to amend their schedules in order to take advantage of the amended exemption statute. This argument is without merit. Implicit in the rules allowing an amendment to a petition is the requirement that the amendment be in compliance with applicable substantive law. *See 8 Collier on Bankruptcy* ¶ 1009.05 (15th ed. 1991).

## CONCLUSION

For the above-stated reasons, the trustees' objections to the amended claims of

exemptions filed by the Gardners, the Harrises, and Gribble are sustained.

IT IS SO ORDERED.