964 F.2d 636
 In re William D. SMITH and Juliana M. Smith, Debtors.
Richard E. BARBER, Trustee, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plan
Administrator of the State Farm Insurance
Companies' Incentive and Thrift Plan for
United States Employees, et
al., Defendants-Appellants.
 No. 91-3483.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Dec. 27, 1991.
Decided May 15, 1992.
 
 L. Lee Smith, Asst. U.S. Atty., Kevin D. Schneider, Westervelt, Johnson, Nicoll & Keller, Peoria, Ill., for defendants-appellants.
 Herbert M. Spector, Spector, Tappa & Nathan, Rock Island, Ill., for plaintiff-appellee.
 Mark Jackson, East Moline, Ill., for debtors.
 Before CUDAHY, POSNER, and COFFEY, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 The appellee asks us to dismiss the appeal as moot, and the appellant opposes the request, raising an interesting procedural question.
 
 
 2
 The trustee in bankruptcy brought an adversary proceeding against State Farm, trying to get at money held by it for one of the two debtors in the bankruptcy proceeding as the administrator of her pension plan. The bankruptcy court ruled that the pension plan was not a "spendthrift trust" (that is, a trust not authorized to make distributions to the beneficiary's creditors) and therefore that the debtor's interest in it was included in the estate in bankruptcy, 115 B.R. 144. But he further ruled that since the trustee merely stood in the debtor's shoes and therefore had no greater rights than she, he could authorize no withdrawals from the pension trust other than those she could have made. Having not reached retirement age, she could withdraw money from the trust only if she faced some immediate and heavy financial need, such as a medical bill that she could not pay otherwise. Treas.Reg. § 1.401(k)-1(d)(2)(ii)(B). So the trustee likewise could make no withdrawal on behalf of the debtor's creditors save in accordance with that standard. Concerned with the ruling that the pension plan was not a true spendthrift trust, State Farm appealed.
 
 
 3
 The trustee has decided not to seek a hardship withdrawal or otherwise seek to obtain any of the money in the debtor's pension trust, and therefore he says that the appeal is moot and should be dismissed with directions to vacate the district court's orders. State Farm replies that that isn't good enough, because the orders will remain as precedents, and a loser shouldn't be deprived, by the winner's unilateral action in mooting the appeal, of an opportunity for appellate correction of an erroneous precedent.
 
 
 4
 If a case becomes moot on appeal, the appellate court loses jurisdiction. However, in order to protect the appellant against a preclusive (res judicata or collateral estoppel) use of an unappealable order, the appellate court will order the previous orders in the case dismissed at the same time that it dismisses the appeal. United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). There is an exception for the case where the appellant, fearing that he will lose the appeal, abandons it, thus making the appeal moot, and asks us to dismiss the previous orders. We won't do it in that case. Harris v. Board of Governors, 938 F.2d 720, 724 (7th Cir.1991). The rule of Munsingwear is for the protection of a party who is thwarted in his desire for an appeal. It is not for the protection of a party who, knowing that the order below is sound and will be affirmed, wants nonetheless to deprive it of any preclusive effect.
 
 
 5
 This is an intermediate case. The order appealed from was favorable to the trustee in that it held that the pension moneys were part of the estate in bankruptcy rather than protected by a spendthrift trust, but favorable to State Farm in that it limited the trustee's access to those moneys to situations of hardship to the debtor. Only State Farm appealed, and it is conceivable that the trustee abandoned the case because he was content with the judge's first ruling (that the pension plan was not a spendthrift trust) and didn't want to endanger it. That would be a straight Munsingwear situation and we would vacate the district judge's order. But State Farm is not content to have us do that (the trustee is, which suggests that his abandonment of the case is bona fide and not strategic). It realizes that vacating a decision because of supervening mootness does not destroy its precedential effect, since the decision was not moot--was not outside the jurisdiction of the court that rendered it--when it was rendered. United States v. Articles of Drug, 818 F.2d 569, 572 (7th Cir.1987).
 
 
 6
 That is just too bad. We vacate unappealable decisions, to prevent them from having a preclusive effect. We do not vacate opinions, to prevent them from having a precedential effect. Id.; In re Memorial Hospital, 862 F.2d 1299, 1302 (7th Cir.1988). It would be particularly absurd to vacate an unreported unappealable district court decision, since even when reported and appealable (but not appealed, or at least not adopted by the appellate court) such decisions have no precedential effect--that is, no weight as authority, as distinct from the weight that any document might have because of the quality of its reasoning. Colby v. J.C. Penney Co., 811 F.2d 1119, 1123 (7th Cir.1987).
 
 
 7
 A federal court is not authorized to issue an order that will not affect a tangible interest, such as money or reputation or liberty, the sort of interest on which a common law suit might be based. That is the heart of the "case or controversy" requirement of Article III. An order nullifying the effect of a judgment in precluding a claim or defense in a subsequent litigation affects a tangible interest in this sense, but an order wiping out a judgment that has merely a precedential effect, and even more clearly one having merely some persuasive effect, does not. Air Line Pilots Ass'n v. UAL Corp., 897 F.2d 1394, 1396 (7th Cir.1990). Otherwise a person could appeal a judgment in a suit to which he wasn't a party, on the ground that the judgment might operate as a precedent in his own suit; or could intervene in a suit on the same ground. Of course that is not allowed, Bethune Plaza, Inc. v. Lumpkin, 863 F.2d 525, 531-32 (7th Cir.1988), but that is what State Farm is trying to do here: it is asking us to decide the appeal solely in order to eliminate a potentially adverse precedent. And given that both parties are asking us, consistently with Munsingwear, to couple dismissal of the appeal with vacation of the district court's orders, the only stake that State Farm retains is an interest in getting rid of what it regards rightly or wrongly as a potentially troublesome precedent. A further attenuation, but one unnecessary to discuss, is that State Farm has no stake in the use of the funds in the pension plan; it is merely the stakeholder.
 
 
 8
 The motion to dismiss the appeal is granted with instructions to the district judge to dismiss all previous orders in the case.