In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 13-3865 & 14-1887

IN RE:
DESA L. RINALDI
and ROGER P. RINALDI,

*Debtors-Appellants*,

*and*

WENDY A. NORA,

*Appellant*,

*v.*

HSBC BANK USA, N.A., et al.,

*Appellees*.

_____

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:13-cv-00336-JPS — **J.P. Stadtmueller**, *Judge*.

_____

ARGUED OCTOBER 28, 2014 — DECIDED FEBRUARY 11, 2015,

_____

Before BAUER, POSNER, and TINDER, *Circuit Judges*.

TINDER, *Circuit Judge*. This appeal arises from the bankruptcy of Desa and Roger Rinaldi, whose attorney, Wendy Nora, complicated the underlying proceedings by filing numerous vexatious motions, similar to her conduct in *PNC Bank, N.A., v. Spencer*, 763 F.3d 650 (7th Cir. 2014). Nora also challenges a sanction against her for submitting frivolous filings. We uphold the decisions against both the Rinaldis and Nora.

## I.     Background

In 2005, Roger Rinaldi signed a note promising to repay a mortgage loan from Wells Fargo and, along with his wife Desa, agreed to secure the loan with the couple's property in Bristol, Wisconsin. Within four years, he defaulted on the loan, and HSBC Bank initiated a Wisconsin foreclosure action as assignee of the mortgage. The Rinaldis counterclaimed against HSBC, Wells Fargo, and the lawyers involved in the foreclosure, alleging that the mortgage paperwork produced by HSBC had been fraudulently altered and that HSBC lacked standing to enforce the mortgage. The Rinaldis lost at summary judgment and did not appeal. A year later, however, the state court vacated its foreclosure judgment after HSBC agreed to modify the loan rather than foreclose. The Rinaldis then filed a new state lawsuit reasserting their counterclaims against the same parties. The defendants moved to dismiss, but before the state court ruled on the motion, the Rinaldis filed for bankruptcy, automatically staying the state case.

In the bankruptcy proceeding, HSBC filed a proof of claim based on the mortgage. The Rinaldis objected and filed adversary claims against the parties that they had counterclaimed against in the state action, alleging fraud, abuse of

process, tortious interference, breach of contract, and violations of RICO and the Fair Debt Collection Practices Act. The bankruptcy court found in favor of HSBC's proof of claim and recommended denial of the adversarial claims.

In October 2013, the district court affirmed the bankruptcy court's decisions on the proof of claim and adopted its recommendations on the adversary claims. The court concluded that it did not even need to reach the merits of the proof-of-claim decision because the Rinaldis failed to designate the record or issues for appeal as required by the Federal Rules of Bankruptcy Procedure. The court also rejected the Rinaldis' appeal on the merits, explaining that HSBC had produced documents showing that it was entitled to enforce the mortgage. The court further dismissed each of the Rinaldis' adversary claims as meritless, noting that their submission on those claims was "an unfocused, stream-of-consciousness-style recitation of general grievances the debtors have asserted in various forms since the origination of this litigation in state court." The court warned the Rinaldis that they would likely face sanctions if they filed additional frivolous filings because their litigation tactics had "quite obviously been vexatious and time- and resource-consuming" and their filings were "nigh-unintelligible."

Within two weeks, the Rinaldis moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), rehashing their arguments about the mortgage. Not only were these arguments meritless, the district court decided, but "the Rinaldis, through their attorney Wendy Nora, have *at every turn* filed briefs that have done little to clarify the matters under consideration while further confusing matters" (emphasis in original). The court added that Nora's

briefs were rambling, failed to comply with court rules, contained many spelling and grammatical errors, cited legal authority sparingly if at all, repeated rejected arguments, and used "irrelevant and argumentative language that has no place in a legal brief." The court warned that "any further frivolous submissions *will* result in an award of appropriate sanctions against the Rinaldis' attorney" (emphasis in original).

In December 2013, the Rinaldis appealed to this court, but then in March 2014, they moved to dismiss their case in the bankruptcy court. They asserted that the bankruptcy court had shown a "willingness to override state law" in regard to the validity of their mortgage, so they had "decided not to engage in litigation of their new issues in this Court and wish to be set free from the underlying bankruptcy." They added that they "wish to proceed to state court" with "newly discovered evidence" that the mortgage is void. The bankruptcy court granted the Rinaldis' motion, though it warned them that the dismissal might moot their pending appeal.

Meanwhile, Nora moved in the district court to withdraw as the Rinaldis' attorney, and then, before the court ruled on that motion, moved to intervene in the case and for relief under Federal Rule of Civil Procedure 60(b). In April 2014, the district court allowed Nora to withdraw but denied the other two motions, explaining that Nora had no standing to intervene and that the court had no intention of altering its decision about the Rinaldis' claims. Further, the court explained that, because of its earlier warning and the fact that these motions were frivolous, the court had "no choice but to impose sanctions against Ms. Nora." The court ordered Nora

to pay $1,000 and warned that further frivolous filings would result in higher sanctions. Nora appealed this order on behalf of herself and the Rinaldis.

## II.     Discussion

On appeal, the Rinaldis again rehash their arguments about alleged problems with their mortgage. The appellees raise a host of reasons to reject the Rinaldis' arguments, including urging us to dismiss their appeal as moot because of the dismissal of the bankruptcy case. The Rinaldis argue that their appeal is not moot because of the possible "res judicata effect" of the underlying rulings. But the potential for a judgment to have preclusive effect in future cases is not enough to avoid mootness; if it were, "no case would ever be moot." *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 518 (7th Cir. 2010); *see CFTC v. Bd. of Trade of Chi.*, 701 F.2d 653, 657 (7th Cir. 1983) ("Since the future is unknown, one can never be certain that findings made in a decision concluding one lawsuit will not some day (if allowed to do so) control the outcome of another suit. But if that were enough to avoid mootness, no case would ever be moot."). There is some authority suggesting that adversary claims might survive dismissal of a related bankruptcy proceeding. *See In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289–90 (7th Cir. 1995). But this idea is not meaningfully addressed in the Rinaldis' appellate brief, and moreover, even if the adversary claims are not moot, the Rinaldis offer no persuasive challenge to the district court's thorough analysis of those claims. Thus, to the extent the adversary claims are not moot, we affirm the dismissal of those claims for substantially the reasons discussed by the district court.

The appellees note that, when an appeal becomes moot, we ordinarily vacate the underlying rulings in the case. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). This rule is meant "to ensure that a decision carries no precedential force after mootness prevents further review." *Van Straaten v. Shell Oil Prods. Co.*, 678 F.3d 486, 491 (7th Cir. 2012); *see In re Smith*, 964 F.2d 636, 637 (7th Cir. 1992). Here, however, applying this rule would lead to the odd result that, by rejecting the Rinaldis' argument against mootness, we would give them exactly the relief that they seek.

There is a solution to this strange result. We have long recognized an exception to the rule in *Munsingwear* for situations where a losing party causes an appeal to become moot in order to avoid the preclusive effect of an unfavorable ruling. *See Gould v. Bowyer*, 11 F.3d 82, 84 (7th Cir. 1993); *In re Smith*, 964 F.2d at 637; *Harris v. Bd. of Governors of the Fed. Reserve Sys.*, 938 F.2d 720, 724 (7th Cir. 1991); *CFTC*, 701 F.2d at 657; *cf. Karcher v. May*, 484 U.S. 72, 82–83 (1987) (refusing to vacate judgment when losing party's actions caused mootness of appeal). This appeal is a good candidate for that exception. As the district court explained, by the time the Rinaldis reached that court, they had already presented their arguments "before two separate courts in three separate proceedings." Then, once the district court rejected the Rinaldis' arguments and refused to reconsider, the Rinaldis indicated in dismissing their bankruptcy case that they wanted to proceed to challenge their mortgage again in state court. We refuse to indulge this type of gamesmanship by depriving the sound decisions of the bankruptcy court and district court of preclusive effect.

Finally, we affirm the sanction order, which we review for an abuse of discretion. *See Tucker v. Williams*, 682 F.3d 654, 661 (7th Cir. 2012). Nora offers only a cursory defense for her actions, maintaining that she did "nothing more than what she [was] required by law to do in the course of representing her clients." But Nora's obligations to her clients did not excuse her disregard of the district court's clear and repeated warnings against continued submission of confusing, frivolous, and needlessly argumentative filings. Thus, the court did not abuse its discretion by sanctioning Nora.

The orders of the district court are AFFIRMED.