**In re Marvin GINSBERG, Debtor.**

**Bankruptcy No. 93 B 42767(JLG).**

United States Bankruptcy Court,
S.D. New York.

March 16, 1994.

---

872

Davidoff & Malito, New York City, for debtor.

Brief Kesselman & Knapp, New York City, for George Feigenbaum.

Weiner & Millo, New York City, for Vincent Felico.

Geron & Corsano, New York City, for trustee.

Arthur Grossman, pro se.

### MEMORANDUM DECISION ON A MOTION FOR AN ORDER VACATING DEBTOR'S DISCHARGE AND EXTENDING THE TIME TO SERVE AND FILE AN ADVERSARY COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND/OR THE DISCHARGEABILITY OF CERTAIN CLAIMS

JAMES L. GARRITY, Jr., Bankruptcy Judge.

Judgment creditors Vincent Felico ("Felico"), George Feigenbaum ("Feigenbaum") and Arthur Grossman ("Grossman"), (collectively, the "movants") have moved this Court pursuant to §§ 105, 350(b) of the Bankruptcy Code (the "Code") and Bankruptcy Rules

4004, 4007, 5010 and 9006 for an order reopening this chapter 7 case, vacating the Discharge Order (as that term is defined below) and extending the time under Bankruptcy Rules 4004 and 4007 to file a complaint objecting to the discharge of Marvin Ginsberg (the "debtor") under § 727 of the Code and the dischargeability of their debts under Code § 523, respectively. Alternatively, movants seek an order pursuant to § 727(d) of the Code revoking the Discharge Order. The Chapter 7 trustee (the "Trustee") has joined in the motion. For the reasons set forth herein the 60 day periods fixed by Rules 4004(a) and 4007(c) are not extended. Accordingly, the Discharge Order shall not be vacated or otherwise modified. That part of the motion requesting the case be reopened pursuant to § 350(b) and Bankruptcy Rule 5010 is denied, as moot, and the portion of the motion seeking an order revoking the Discharge Order is denied, without prejudice.[1]

### Facts

On May 26, 1993, debtor filed a no-asset case under Chapter 7 of the Bankruptcy Code ("Code"). The events relevant to this motion are as follows:

June 10, 1993: Movants and all other creditors listed in Schedule F of debtor's chapter 7 petition are sent a Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, And Fixing of Dates (the "§ 341 Notice"). That notice schedules the § 341(a) meeting of creditors for July 6, 1993 and advises that September 7, 1993 is the deadline for filing complaints (i) objecting to debtor's discharge and/or (ii) to determine dischargeability of certain types of debts.

July 6, 1993: Trustee convenes, but does not close, § 341 meeting. Messrs. Felico and Feigenbaum attend through counsel. Mr. Grossman attends *pro se*. Meeting is adjourned until August 23, 1993.

---

1. This Memorandum Decision constitutes our findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(c), as made applicable herein by Bankruptcy Rules 7052 and 9014. Our subject matter jurisdiction of this motion is predicated on 28 U.S.C. §§ 157(a) and 1334(b), and the

"Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A).

July 21, 1993: Debtor moves for an order pursuant to Bankruptcy Rule 1009 to add DHMS Realty Corp. ("Realty") as a scheduled creditor.

July 30, 1993: Order ("July 30 Order") signed authorizing requested amendment. In part, order states that Realty's time to file complaint objecting to debtor's discharge and/or to determine dischargeability of its claim is extended to the date 60 days from the date of the order (i.e. September 28, 1993). Order also directs that it be served, together with a copy of the amended creditor schedule, on all "interested parties" within 5 days after it is signed.

August 3, 1993: July 30 Order is docketed of record.

August 4, 1993: Debtor serves copy of July Order and amended schedule on Realty and the Trustee.

August 23, 1993: Felico, through counsel, obtains a copy of the July 30 Order.

September 7, 1993: In accordance with § 341 Notice, last day for creditors (other than Realty) to file complaints objecting to debtor's discharge or determining dischargeability of claims.

September 13, 1993: Trustee files his Report of Case Status Pursuant To Initial § 341 Meeting advising that debtor appeared at the meeting and certifying that the case is a fully administered no-asset case.

September 28, 1993: Last day for Realty to challenge debtor's discharge or dischargeability of its claim. Realty takes no such action.

September 28, 1993: Felico files an objection (not in the form of adversary proceeding) to debtor's discharge pursuant to Code §§ 727(a)(2)–(5).

September 29, 1993: Feigenbaum files an objection (not in the form of adversary proceeding) to the dischargeability of his claim pursuant to Code § 523(a).

October 18, 1993: Order signed ("Discharge Order") granting debtor a discharge in bankruptcy.

October 21, 1993: Clerk of the Court directs that case be prepared for closing.

## Discussion

■ Bankruptcy Rule 5009 provides that if a trustee in a chapter 7 case files a final report and certifies that the estate has been fully administered and if within 30 days no objection has been filed by the United States trustee or a party in interest, the case is presumed to be fully administered. *See* Fed. R.Bankr.P. 5009. The Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Although the Trustee filed his final report on September 13, 1993, and no objections to that report have been filed, a final decree closing the case has not been issued by the Court. For that reason, the motion to reopen the case pursuant to § 350(b) of the Code and Bankruptcy Rule 5010 is denied, as moot. The Trustee is authorized and directed to administer the newly disclosed assets of the debtor described below..

■ The Discharge Order became a final, non-appealable order on October 29, 1993. *See* Fed.R.Bankr.P. 8002(a); *see also In re Leiter,* 109 B.R. 922, 924–25 (Bankr.N.D.Ind. 1990). As such, unless the order is revoked or vacated, creditors are permanently enjoined from commencing an action to collect a discharged debt, continuing a pending collection action and from otherwise attempting to collect on a discharged obligation. *See* 11 U.S.C. § 524(a); *Green v. Welsh,* 956 F.2d 30, 33 (2d Cir.1992); *Owaski v. Jet Florida Systems, Inc. (In re Jet Florida Systems, Inc.),* 883 F.2d 970, 972 (11th Cir.1989) (per curiam); *see also* 3 R. Babbit et al., *Collier on Bankruptcy,* ¶ 524.01 at 524–8—524–9 (15th ed. 1991).

Movants contend that the debtor is not entitled to a discharge because he fraudulently concealed the existence of the following assets:

(1) a $25,000 promissory note from T S Car Wash Corp. payable to debtor;

(2) a $32,000 promissory note from Depeto, Inc. payable to debtor;

(3) a $900,000 secured promissory note from Dr. Howard and Nancy Finelli pay-

able to Minerva Ginsberg, the payments of which were assigned to debtor;

(4) debtor's interest in Windsor Auto Sales, Inc.;

(5) debtor's interest in a car wash located at 8930 Kennedy Blvd. ("Car Wash") and the New Jersey Car Wash's escrow account in which debtor also has an interest;

(6) debtor's interest in a number of nightclubs; and

(7) debtor's interest in properties located in upstate New York.

*See* Affidavit of Alan S. Weiner, as counsel to Felico, dated November 10, 1993 ("Weiner Aff.") at ¶¶ 6–12, Exs. E, F, G, H, I, and J; Affidavit of Arthur Grossman dated November 10, 1993 ("Grossman Aff.") at ¶ 12.

Debtor admits that he failed to disclose the $25,000 and $32,000 promissory notes. *See* Affidavit of Marvin Ginsberg, dated December 9, 1993 ("Ginsberg Aff.") at pp. 4 and 5. He contends that he omitted them from his asset schedule because he has not received any payment under either note and because they were delivered to Feigenbaum and therefore are of no value to him. *Id.* He states that the $900,000 promissory note has been canceled and was payable to debtor's ex-wife, *id.* at p. 6, and that he never acquired an interest in Windsor Auto because the underlying transaction to acquire that entity was not consummated. *Id.* He claims that he lost his interest in the Car Wash and that the escrow fund did not have to be listed as an asset because the funds went to creditors of the Car Wash. *Id.* at p. 7. Finally, debtor denies having any ownership interests in any nightclubs and asserts that any property located in upstate New York is owned by his ex-wife. *Id.* at pp. 7 and 8. Many of those contentions are disputed by Felico. *See* Affidavit of Alan Weiner, dated December 14, 1993, at ¶¶ 4–13.

Bankruptcy Rule 4004(a) provides that "[a] complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Fed.R.Bankr.P. 4004(a). By application of Rule 4007(c), "[a] complaint to determine the dischargeability of any debt [of a chapter 7 debtor] pursuant to § 523(c) of the Code shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Fed.R.Bankr.P. 4007(c).

Movants and Trustee do not dispute that they were subject to the September 7 bar date for filing complaints challenging debtor's discharge under §§ 523 or 727 of the Code, and that they failed to do so. Nonetheless, Felico and Feigenbaum urge that their counsel's "excusable neglect" in misreading the July Order to apply to all creditors is grounds for us to reopen the case, vacate the Discharge Order and permit them to commence adversary proceedings objecting to debtor's discharge and to determine the dischargeability of their claims.[2] Alternatively, all three contend that debtor's failure to serve Feigenbaum and Grossman with a copy of the July Order and to timely serve Felico with the order is grounds to extend their time under the rules to challenge debtor's right to a discharge. The Trustee has not asserted any independent basis for relief.

The July Order directs that debtor serve "all interested parties" with a copy of the order and amended schedule of creditors within five (5) days of the date the order was executed. Debtor explained that he viewed Realty as the only "interested party" (other than the Trustee) entitled to notice of the order because only its right to object to debtor's discharge was extended by the order. *See* Ginsberg Aff. at p. 9. A court has the inherent power to extend the time peri-

---

2. In their moving papers Felico and Feigenbaum acknowledged that their "objections" to debtor's discharge did not satisfy the procedural mandates of Bankruptcy Rules 4004 and 4007. However, they insisted that by filing the objections prior to the September 28, 1993 date fixed by the July Order, they timely acted and that their failure to utilize the correct form of objection should not deny them the opportunity to object to the discharge pursuant to §§ 523 and 727. *See* Weiner Aff. at ¶¶ 10, 17; Affidavit of Charles E. Knapp, as counsel to Feigenbaum, dated November 10, 1993 ("Knapp Aff.") at ¶¶ 14, 15. At oral argument, however, they conceded that their bar date was September 7, 1993, and that they had not timely opposed debtor's discharge.

ods under Rules 4004(a) and 4007(c) in instances where the court's own defective notice prevented creditors from timely contesting debtor's discharge. *See Herbert v. Schwartz (In re Schwartz & Meyers)*, 64 B.R. 948, 954–955 (Bankr.S.D.N.Y.1986) (citing *South Dakota Cement Plant and Francis v. Riso (In re Riso)*, 57 B.R. 789 (D.N.H. 1986)); *but see Montgomery Ward and Company v. Gardner (In re Gardner)*, 55 B.R. 89, 91 (Bankr.D.D.C.1985). Movants' rights were not impacted by the July Order and none filed a notice of appearance herein. They were not "interested parties" entitled to receive copies of the order. In any event, they neither alleged nor proved that debtor's failure to serve them with a copy of the order caused them to miss the September 7 bar date. Even assuming, *arguendo,* that the July Order was ambiguous or otherwise defective, there is no basis for us to extend movants' time to file complaints under Rules 4004 and/or 4007. *Compare In re Schwartz & Meyers*, 64 B.R. at 955 (good faith reliance by creditors on court's defective notice of § 341 hearing is grounds to extend deadline under Rules 4004 and 4007).

■ We can enlarge a party's time to take actions authorized by the Bankruptcy Rules even if the request to do so is made after expiration of the relevant period, provided movant can show "excusable neglect". *See* Bankruptcy Rule 9006(b)(1). Our power to extend the 60 day periods contained in Rules 4004(a) and 4007(c) is limited by Rule 9006(b)(3) which mandates that any request for an extension be made *prior to* the expiration of those periods. *See* Fed.R.Bankr.P. 9006(b)(3). The rule does not make allowance for excusable neglect. *See Kelly v. Gordon (In re Gordon)*, 988 F.2d 1000, 1001 n. 1 (9th Cir.1993); *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1176 (5th Cir.1991); *see generally Pioneer Investments Services Company v. Brunswick Associates Limited Partnership*, —— U.S. ——, ——, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993) (recognizing that there are instances in which the Bankruptcy Rules bar relief from excusable neglect). Grossman attended the § 341 meeting *pro se. See* Grossman

Aff. at ¶ 7. Apparently he attempted to question debtor during the meeting and was told by the Trustee that he should depose the debtor. *Id.* at ¶ 10. Grossman claims that he did not timely object to debtor's discharge because that advice allegedly led him to believe that debtor would not receive a discharge until he had the opportunity to conduct a deposition. *Id.* The clear and unambiguous language of the § 341 Notice states: DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR OR TO DETERMINE DISCHARGEABILITY OF CERTAIN TYPES OF DEBTS: SEPTEMBER 7, 1993. (Emphasis original). While we must make reasonable accommodations to protect the rights of *pro se* litigants, they are not exempt from compliance with relevant rules of procedural and substantive law. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983). That is particularly true here because Grossman did not even attempt to reconcile his interpretation of the Trustee's alleged advice with the plain language of the § 341 Notice. His negligent failure to do so is no excuse for his default. *See Hammer v. Drago (In re Hammer)*, 112 B.R. 341, 347 (Bankr. 9th Cir.1990), *aff'd,* 940 F.2d 524 (9th Cir.1991); *In re Johnston*, 37 B.R. 361, 364 (Bankr.D.Vt.1984); *see also In re Breining*, 6 B.R. 837, 842 (Bankr.S.D.N.Y. 1980).

Movants neither timely commenced litigation under Rules 4004(a) or 4007(c), nor timely sought an extension of their time to do so. Accordingly, they are precluded from raising objections to debtor's discharge under §§ 523 or 727 of the Code at this time. *See, e.g., Jones v. Hill (In re Hill)*, 811 F.2d 484, 485–87 (9th Cir.1987) (creditor barred from filing complaint objecting to dischargeability of claim under § 523); *In re Sablone*, 157 B.R. 739, 742 (Bankr.D.Conn.1993) (creditor precluded from objecting to discharge under §§ 523 and 727); *Citizens First National Bank of New Jersey v. Kirkpatrick (In re Kirkpatrick)*, 120 B.R. 309, 312 (Bankr. S.D.N.Y.1990) (same); *see also Taylor v. Freeland & Kronz*, 503 U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[3] Because

---

3. In *Taylor,* the issue before the court was whether a chapter 7 trustee could contest the validity

Trustee's request for leave to file a complaint under §§ 523 and/or 727 is based solely on movants' allegations, his request likewise is denied.[4]

■■■ Section 727(d) provides that a court may revoke a discharge if "such discharge was obtained through the fraud of the debtor and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1); *see also In re Gray*, 156 B.R. 707, 711 (Bankr. D.Me.1993); *In re Leiter*, 109 B.R. at 925. The appropriate vehicle for seeking relief under § 727(d) is an adversary proceeding, *see* Fed.R.Bankr.P. 7001(4); *see also Karr v. Pankey (In re Pankey)*, 145 B.R. 244, 246 (W.D.Tenn.1992); *In re Leiter*, 109 B.R. at 925. It must be commenced within one year after the discharge is granted. *See* 11 U.S.C. § 727(e); *see also* Bankruptcy Rule 9024 ("Rule 60(b) Fed.R.Civ.P. applies in cases under the Code except that ... (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code"). In an action under § 727(d), plaintiff has the burden of proving both that the discharge was obtained by fraud and that he did not know of the fraud at the time the discharge was granted. *See Brown v. Barley (In re Barley)*, 130 B.R. 66, 70 (Bankr.N.D.Ind. 1991); *Bear Stearns & Co., Inc. v. Stein (In re Stein)*, 102 B.R. 363, 367 (Bankr.S.D.N.Y. 1989).

Felico was aware of the debtor's alleged interest in a the Car Wash in November 1991 when his attorneys received a letter from debtor's counsel describing an escrow account not listed in the debtor's schedule. *See* Weiner Aff. at ¶ 12(e), Ex. I. Feigenbaum had knowledge of the $25,000 and $32,000 promissory notes as of April 8, 1993. *See* Knapp Aff. at ¶¶ 6 and 7 and Ex. C. Grossman does not state when he learned of the existence of debtor's allegedly unscheduled assets. *See* Grossman Aff. at ¶ 12. The Trustee contends that he was not aware of those alleged assets until movants brought this motion. *See* Trustee's Joinder to Application Seeking to Reopen Case and Vacating Order Discharging Debtor, dated November 10, 1993, at ¶¶ 3–4. Although these facts apparently undermine the viability of an action by Feigenbaum or Felico under § 727(d), we cannot say that movants and/or the Trustee will not be able to state a claim for relief under that section. *Compare In re Kirschner*, 46 B.R. 583, 586 (Bankr.E.D.N.Y. 1985) (where evidence established that creditor was aware of facts relating to debtor's alleged fraudulent acts prior to last day for filing objections to discharge, creditor could not satisfy elements of § 727(d) and motion to reopen case was denied). Because these parties have failed to invoke the proper procedures, and because there is ample time under § 727(e) for each to act, their motion to revoke the discharge is denied, without prejudice to their rights, if any, to commence adversary proceedings under § 727(d).

*Conclusion*

That portion of the motion seeking an order reopening the case is denied as moot. The request to vacate the Discharge Order and extend movants' and Trustee's time to

---

of an exemption claimed by a debtor after the expiration of the 30–day period specified in Rule 4003(b) when debtor had no colorable basis for claiming the exemption. *See* 503 U.S. at ——, 112 S.Ct. at 1646. The court held that the plain language of the Code and Rules foreclosed the trustee's action:

Section 522(1) ... says that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30–day period. Section 522(1)

made the property exempt. [The trustee] cannot contest the exemption at this time whether or not [debtor] had a colorable statutory basis for claiming it.

503 U.S. at ——, 112 S.Ct. at 1648. Likewise, the negative implication under Rules 4004(a) and 4007(c) is that a creditor who fails timely to contest a debtor's discharge or the dischargeability of a particular claim under §§ 727(a) or 523(c), respectively, is barred from doing so.

4. Although movants purported to invoke § 105 of the Code as support for this motion, they did not brief, or otherwise discuss, how that section relates to the relief they are seeking. Accordingly, they waived their § 105 arguments, if any.

file complaints under Bankruptcy Rules 4004(a) and/or 4007(c) is denied. The request that we revoke the Discharge Order is denied without prejudice.

Movants are directed to SETTLE AN ORDER.