**In re Gina OSTROFF, Debtor.**

**Bankruptcy No. 99–10795.**

United States Bankruptcy Court,
D. Rhode Island.

July 13, 1999.

Christopher Lefebvre, Law Office of Claude Lefebvre & Sons, Pawtucket, RI, for debtor.

Marc Wallick, Wallick & Paolino, Warwick, RI, for Nynex Information Resources.

### ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtor's motion to avoid a judicial lien of Nynex Information Resources ("Nynex"). The undisputed facts are as follows: On March 5, 1999, Gina Ostroff filed a petition under Chapter 7. The property, which is encumbered by two mortgages totaling $103,000, is valued at $90,000, leaving a negative equity of $13,000. On top of this are the Nynex judicial lien in the amount of $8,495, and the Debtor's claimed exemption in the amount of $16,150 (11 U.S.C. § 522(d)(1)).

At issue is whether the Debtor may avoid a judicial lien on her principal residence, where mortgages and consensual liens exceed the market value of the property. If able to exercise discretion, we would say that with no equity in the property, and with no present exemption available to the Debtor to be impaired, that lien avoidance should not be allowed. However the amendments to Section 11 U.S.C. § 522(f), as unequivocally enunciated by Congress in the Bankruptcy Reform Act of 1994, 108 Stat. 4106, 4132, Pub.L. No. 103–394, answer this question in the affirmative.

Under Section 522(f):

Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(A) a judicial lien . . . .

11 U.S.C. § 522(f)(1). The statute then provides a "simple arithmetic test" to determine whether an exemption is impaired. *See* H.R. 835, 103rd Cong., 2nd Sess. (1994), 1994 U.S.C.C.A.N. 3340:

a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

This test was part of Congress's attempt to clarify the issue of when an exemption is impaired, and to create consistency in the growing conflict among courts addressing this question. *See* 108 Stat. 4106, 4132, Pub.L. No. 103–394, H.R. 5116, § 303 (1994). The House Report accompanying the amendment makes clear that the amendments are intended to overrule decisions involving several scenarios.

The first is where the debtor has *no equity* in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass.1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation.[1] *The formula in the section would make clear that the liens are avoidable.*

H.R.Rep. No. 835, 103rd Cong., 2nd Sess. (1994), § 303 (emphasis added). Since the amendments were clearly designed to permit debtors to avoid judicial liens in situations where the sum of the non-judicial liens equals or exceeds the value of the property, pre-amendment decisions holding otherwise are not useful, and post-amendment rulings to the contrary would be in direct conflict with the mandatory provisions of the statute.[2]

Applying the formula to the instant case, Nynex's lien is avoidable in its entirety.[3]

Enter judgment consistent with this Order.

---

**1.** We do not agree with Congress's reference to *Gonzalez*, nor to its relevance, because in *Gonzalez* the mortgages did not exceed the value of the property. While Congress's criticism of *Gonzalez* is puzzling at best, the legislative intent is clear that even in cases involving no equity, judicial liens should be avoidable in their entirety.

**2.** A search for post-amendment cases addressing this issue reveals nothing.

**3.** The sum of (i) the targeted judicial lien ($8,495), (ii) all other liens ($103,000), and (iii) the Debtor's exemption ($16,150)—is $127,645—which exceeds the value of the property ($90,000) by $37,645. *See East Cambridge Sav. Bank v. Silveira (In re Silveira )*, 141 F.3d 34, 38 (1st Cir.1998). Since the Debtor's exemption is impaired in the amount of $37,645, *id.*, and since Nynex's lien only totals $8,495, it is avoided in its entirety.