[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-9009

IN RE: STEVEN SNYDER,

Debtor.

STEVEN SNYDER,

Debtor, Appellant,

v.

ROCKLAND TRUST COMPANY,

Appellee.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

FOR THE FIRST CIRCUIT

Before

Bownes, <u>Senior Circuit Judge</u>,
Mazzone and Saris,* <u>District Judges</u>.

Richard L. Blumenthal, with whom Peter L. Zimmerman and Silverman & Kudisch, P.C., were on brief, for appellant.

Jeffrey D. Ganz, with whom Riemer & Braunstein LLP was on brief for Rockland Trust Company, appellee.

_____

*Of the District of Massachusetts, sitting by designation.

**BOWNES, Senior Circuit Judge.** Bankruptcy debtor Steven Snyder appeals from a decision of the Bankruptcy Appellate Panel (BAP). The BAP held that Snyder could not completely avoid a lien on his residence, which he owned with his spouse as a tenancy by the entirety, because his interest in that property was equal to its full market value. We affirm.

## I. Background

Snyder and his spouse own their residence as tenants by the entirety pursuant to a tenancy created after February 11, 1980. See Mass. Gen. Laws ch. 209, § 1. Snyder is three years older than his spouse. On September 16, 1997, Snyder's spouse filed a declaration of homestead with the Norfolk Registry of Deeds.

The parties have stipulated that the fair market value of the residential property is $239,000.00. The property is subject to a lien in favor of the Collector of Taxes of Randolph in the amount of $764.99; a first mortgage to Randolph Savings Bank in the amount of $160,413.28; a second mortgage to Randolph Savings Bank in the amount of $5,385.55; and a lien in favor of Rockland Trust Company ("Rockland") in the amount of $65,000.00.

On March 2, 1998, Snyder filed for relief in the Bankruptcy Court pursuant to Chapter 7 of the Bankruptcy Code. On May 8, 1998, he filed a Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f)(1)(A), in which he asserted that the Rockland lien impaired his exemption in his residence.

On March 18, 1999, the Bankruptcy Court ruled that Snyder had an "unitary" interest in his residence, as did his spouse. In re Snyder, 231 B.R. 437, 442 (Bankr. D. Mass. 1999). The court rejected Snyder's contention that his interest is no more than half the value of the property. Id. at 443-44. Noting that Snyder's interest in the property is "indeterminate" until the tenancy is terminated, it entered a provisional order premised on Snyder's interest being equal to the full value of the property, allowing Snyder to avoid only a small portion of the lien ($8,286.82). The court permitted the parties to petition for reconsideration in the event that Snyder's tenancy by the entirety is terminated. Id. at 445. Snyder filed a motion to amend or alter the judgment, which the Bankruptcy Court denied.

Next, Snyder appealed from the decision to the BAP. The BAP held that Snyder's interest in the property, as a tenancy by the entirety, was equal to its full market value. In re Snyder, 249 B.R. 40, 46 (B.A.P. 1st Cir. 1999). It rejected

the provisional aspects of the Bankruptcy Court's decision, ruling that the relevant analysis required a "summary proceeding susceptible to a quick and binding resolution."  The BAP also ruled that the non-debtor spouse's homestead should not be taken into account when determining whether a lien should be avoided under 11 U.S.C. § 522(f).

## II.  Discussion

In In re Healthco Int'l, Inc., 132 F.3d 104 (1st Cir. 1997), we set forth the standard of review for appeals that come to us by way of the BAP:

> [W]e focus on the bankruptcy court's decision, scrutinize that court's findings of fact for clear error, and afford de novo review to its conclusions of law. . . Since this is exactly the same regimen that the intermediate appellate tribunal must use, we exhibit no particular deference to the conclusions of that tribunal (be it the district court or the BAP).

Id. at 107 (internal citation omitted).  On appeal, Snyder asserts that the courts below erred in concluding that his interest in his residence was one hundred percent as of the petition date, and that the BAP erred in disregarding his spouse's homestead.  We disagree.

First, we address Snyder's contention that his interest in the property was fifty percent or less.  The bankruptcy code permits a debtor to avoid the fixing of a lien on a debtor's

interest in property only to the extent that the lien impairs an exemption to which, but for the lien, the debtor would have been entitled. 11 U.S.C. § 522(f). The code provides in relevant part:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien,
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

The sole dispute in this case involves the final variable in the equation: the value of Snyder's interest in his residence in the absence of any liens. The bankruptcy court, as affirmed by the BAP, based the lien avoidance calculation on a valuation of Snyder's interest in the property at one hundred percent. It calculated as follows: the sum of Rockland's lien ($65,000.00), all other liens on the property ($166,536.82), and the amount of the exemption ($15,750.00) is $247,286.82, which exceeds the agreed value of the property ($239,000.00) by $8,286.82. Snyder, 231 B.R. at 441 n.1. Hence, it permitted Snyder to avoid the lien only to the extent of $8,286.82.

-5-

Snyder contends that if his interest is determined to be fifty percent or less, he may avoid either the entirety of the lien or at least a greater portion of the lien than was permitted by the courts below.[*] He premises his argument on the facts that he is male and older than his spouse, and hence will likely predecease her. He urges us to adopt an "actuarial approach" in which expert evidence of life expectancy should be admitted and analyzed to determine his precise interest in his residence.

Snyder waived this argument, however. At the hearing on his Motion to Avoid Lien, the Bankruptcy Court asked him if he wished to submit actuarial evidence; he declined, citing the cost of expert testimony. We need not consider an issue so explicitly abandoned below. Cf. Sheehan v. Marr, 207 F.3d 35, 42 (1st Cir. 2000).

Snyder contends that at the time of the hearing, a recent Bankruptcy Court case indicated that even if his interest was valued at fifty percent, he would be able to fully avoid the lien. See In re Pascucci, 225 B.R. 25 (Bankr. D. Mass. 1998), abrogated by Nelson v. Scala, 192 F.3d 32, 35 n. 3 (1st Cir. 1999) (pointing out the sparse and divided case law on point).

---

[*]These calculations do not include the effect of Snyder's wife's homestead, which we address infra.

-6-

Therefore, he now argues, there was no need at that time to introduce actuarial evidence that would have proved that his interest was <u>less than</u> fifty percent. Given the then-unsettled state of the case law and its uncertain applicability to this matter, however, we are not convinced that Snyder should be excused from deliberately forgoing his opportunity to present that evidence. Moreover, Snyder has consistently advocated using an actuarial analysis to determine that he had a fifty percent (as opposed to a less-than-fifty-percent) interest in the property, and makes no developed argument on appeal that his interest should be calculated at fifty percent in the absence of an actuarial approach.[**]

The second issue Snyder raises on appeal concerns the impact of his spouse's homestead exemption on the lien avoidance. On September 16, 1997, Snyder's spouse filed a declaration of homestead with the Norfolk Registry of Deeds, whereby an owner may obtain a $100,000.00 exemption for the benefit of his or her family. Mass. Gen. Laws ch. 188, § 1. Snyder now contends that this homestead exemption should be

---

[**]At oral argument, Snyder also challenged the decision of the BAP to modify the Bankruptcy Court's provisional order and to fix the debtor's interest at one hundred percent. However, as this issue was not well briefed, it is waived. Further, while the Bankruptcy Court's approach was thoughtful and creative, we agree with the BAP's decision to reject the provisional aspect of the order.

factored into the valuation of his interest in the property under 11 U.S.C. § 522(f).

It appears that Snyder did not make this argument to the Bankruptcy Court until his motion to amend or alter the judgment, although he had appended schedules referencing his spouse's declaration of homestead to his Motion to Avoid Lien. Accordingly, the Bankruptcy Court did not address the homestead issue in its opinion. It is well-established that a party cannot raise an issue for the first time on a motion to amend a judgment. See F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).

In any event, we agree with the BAP's conclusion that "[o]n the facts of this case, the spouse's homestead election is not part of the equation under section 522(f)." Snyder, 249 B.R. at 47. Section 522(b) of the bankruptcy code requires the debtor to elect either the federal exemptions or the state exemptions. Here, Snyder elected the federal exemptions, which, for purposes of this appeal, constituted a fixed amount of $15,750.00. 11 U.S.C. § 522(d)(1). The section on which Snyder relies, § 522(f)(2)(A), pertains here only to liens and federal exemptions; we have found no authority suggesting that a spouse's homestead election falls into either of these categories.

-8-

<u>**Affirmed**</u>.