In re Steven SNYDER, Debtor.

Steven Snyder, Appellant,

v.

Rockland Trust Company, Appellee.

BAP No. 01–081.
Bankruptcy No. 98–11951–CJK.

United States Bankruptcy Appellate Panel
of the First Circuit.

June 13, 2002.

Peter L. Zimmerman and Richard L. Blumenthal of Silverman & Kudisch, P.C., Newton Center, MA, on brief for the appellant.

Jeffrey D. Ganz of Riemer & Braunstein, LLP, Boston, MA, on brief for the appellee.

LAMOUTTE, CARLO, and DEASY, U.S. Bankruptcy Appellate Panel Judges.

DEASY, Bankruptcy Judge.

Steven Snyder (the "Debtor"), appeals the bankruptcy court's ruling that he may not avoid the lien of Rockland Trust Company ("Rockland") under 11 U.S.C. § 522(f)[1] unless the Debtor first pays Rockland's legal fees stemming from prior litigation in the Debtor's bankruptcy case.

### I. Jurisdiction and Standard of Review

The bankruptcy court's order denying the Debtor's motion to avoid a lien pursuant to section 522(f) is a final appealable order. *See Bruin Portfolio, LLC v. Leicht (In re Leicht)*, 222 B.R. 670, 671 (1st Cir.

BAP 1998); *see also In re Saco Local Dev. Corp.*, 711 F.2d 441 (1st Cir.1983) (discussing bankruptcy appellate panel jurisdiction). The Bankruptcy Appellate Panel (the "Panel") has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1) and (b).

A bankruptcy court's conclusions of law are reviewed *de novo. See, e.g., Prebor v. Collins (In re I Don't Trust)*, 143 F.3d 1, 3 (1st Cir.1998); *Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco Int'l, Inc.)*, 132 F.3d 104, 107 (1st Cir.1997).

### II. Background

On March 2, 1998, the Debtor filed a Chapter 7 bankruptcy petition in Massachusetts. In his schedules the Debtor elected to use the federal exemptions pursuant to sections 522(b)(1) and (d)(1) (the "Federal Exemptions") to exempt a portion of his personal residence at 30 Nadine Lane, Stoughton, Massachusetts (the "Property") which he owned as tenants by the entirety with his non-debtor spouse. In March of 1998 the Debtor filed a motion to avoid the lien of Rockland pursuant to section 522(f). After a hearing the bankruptcy court found that Rockland's lien impaired the Debtor's homestead exemption to the extent of $8,286.82. *See In re Snyder*, 231 B.R. 437 (Bankr.D.Mass.1999). Thereafter, the Debtor appealed the decision of the bankruptcy court to the Bankruptcy Appellate Panel for the First Circuit (the "BAP"). On June 2, 2000, the BAP issued a written opinion upholding the bankruptcy court's decision with one modification. *See Snyder v. Rockland Trust Co. (In re Snyder)*, 249 B.R. 40 (1st Cir. BAP 2000). The Debtor then appealed the BAP's decision to the First Circuit. In March of 2001 the First Circuit issued

---

**1.** Unless other wise indicated all references to "section" in this opinion refer to Title 11 of    the United States Code.

an opinion upholding the BAP's decision and denying the Debtor's appeal. *See Snyder v. Rockland Trust Co. (In re Snyder),* 2 Fed.Appx. 46 (1st Cir.2001).

After the First Circuit denied the Debtor's appeal, the Debtor filed a motion in the bankruptcy court to amend his schedules (the "Motion to Amend") to claim exemptions pursuant to section 522(b)(2) (hereinafter the "State Exemptions"). At the same time he filed his Motion to Amend the Debtor filed a second motion to avoid the lien of Rockland (the "Lien Motion") pursuant to section 522(f).

## III.  The Instant Appeal

On May 21, 2001, the bankruptcy court issued a memorandum opinion (the "May Opinion") and separate order (the "May Order") regarding the Motion to Amend and the Lien Motion. In the May Opinion the bankruptcy court stated, "I conclude that, aside from the alleged prejudice to Rockland, *as to which I make no determination at this time,* amendment of the list of exemptions would not prejudice the estate or the creditors." Record Appendix ("RA") at 36 (emphasis added). The court went on to say that although Rockland's objection to the Motion to Amend on prejudice grounds was properly raised, the court believed it should be treated as a defense to the Lien Motion. *Id.* Accordingly, the court held that "without adjudicating the validity of the prejudice defense, the Court will allow the motion to amend but preserve the prejudice defense as one that Rockland may assert (and shall already be deemed to have asserted, without need of reiteration) in opposition to the motion to avoid lien." *Id.* at 36–37. In the corresponding May Order the court allowed the Debtor to amend his schedules, set a date for filing objections to exemptions under Federal Rule of Bankruptcy Procedure 4003, and set a date for filing objections to the Lien Motion. *Id.* at 33.

On June 29, 2001, Rockland filed a consolidated objection to the Lien Motion and the homestead exemption (the "Homestead Exemption") claimed by the Debtor. Rockland objected to both the Lien Motion and the Homestead Exemption on the grounds that Rockland would suffer prejudice because of the time and money that had been spent litigating the homestead exemption originally claimed by the Debtor under the Federal Exemptions and the associated motion to avoid lien. On September 14, 2001, the bankruptcy court issued a procedural order setting Rockland's objection to the Homestead Exemption and the Lien Motion for an evidentiary hearing on November 13, 2001.

On November 26, 2001, the court issued a memorandum opinion (the "November Opinion") and a corresponding separate order (the "November Order"). In the November Opinion the bankruptcy court found that the prejudice alleged by Rockland was not cause to disallow the Homestead Exemption. *Id.* at 144. The court specifically stated that "[t]he prejudice to Rockland from amendment of the exemption arises only when the Debtor seeks to use the amended exemption as the basis for a second motion under § 522(f) to avoid Rockland's lien." *Id.* Accordingly, the court overruled Rockland's objection to the exemption. *Id.* at 145.

The Court then turned to the Lien Motion and Rockland's objection thereto based upon prejudice grounds. The court started its discussion by stating that:

> [A]lthough prejudice is a defense to amendment of the schedule of exemptions, and not usually a defense to a § 522(f) motion, it is properly asserted now as a threshold issue, carried forward from Rockland's objection to the Debtor's motion to amend his schedule

of exemptions: whether, or on what conditions, the Debtor should be permitted to revisit the § 522(f) issue on the basis of an amended, alternate claim of exemption, where Rockland incurred substantial attorney's fees in reliance on the original claim of exemption.

*Id.* at 146 (footnote omitted). The court then found that Rockland would be prejudiced if the Debtor were allowed to avoid Rockland's lien under section 522(f) without compensating Rockland for the attorney's fees incurred by Rockland in defending against the exemption as it was originally claimed by the Debtor. *Id.* at 151. In the court's November Order it overruled Rockland's objection to the Homestead Exemption and denied the Debtor's Lien Motion. *Id.* at 152. However, the court held that the denial of the Lien Motion was without prejudice to the Debtor filing a new motion to avoid the lien under section 522(f) once the Debtor had paid Rockland's fees and expenses totaling $26,694.69. *Id.* Although the court reserved Rockland's prejudice argument on the Motion to Amend to the November Lien Motion hearing, the November Opinion and November Order do not contain any rulings with regards to the Motion to Amend.

## IV. Discussion

### A. Issues on Appeal

The bankruptcy court engaged in a three step process in rendering its decisions relating to the Debtor's newly amended homestead exemption claim under Massachusetts law and his attempt to avoid Rockland's lien. The court first examined the Debtor's Motion to Amend and

determined that with the exception of Rockland there was no prejudice to creditors, other than Rockland, by allowing the Debtor to amend his schedules to change from Federal Exemptions to State Exemptions. Accordingly, the court granted the Motion to Amend in its May Order and May Opinion, but specifically reserved Rockland's prejudice objection to the Motion to Amend. Next, the court in its November Order and November Opinion decided that the prejudice caused to Rockland was not cause to deny the Motion to Amend. Finally, the court in its November Order and November Opinion denied the Lien Motion due to the prejudice that would be suffered by Rockland if the Lien Motion were granted outright. The court, however, specifically stated that the denial of the Lien Motion was without prejudice to the Debtor filing a new motion once the Debtor had paid Rockland's fees. While the court engaged in a three step process, the only issue before the Panel on appeal is the Debtor's appeal of that portion of the bankruptcy court's November Order dealing with the Lien Motion.[2]

### B. Lien Avoidance Under 11 U.S.C. § 522(f).

■ Section 522(f) allows a debtor to avoid a lien attaching to the debtor's interest in property to the extent that the lien impairs an exemption the debtor is entitled to claim. A lien is considered to impair a debtor's exemption to the extent that the sum of the lien in question, all other liens attaching to the property, and the exemption the debtor could claim in the property exceeds the value of the debtor's interest in the property in the absence of the liens. 11 U.S.C. § 522(f). A court cannot use its

---

**2.** The Notice of Appeal filed by the Debtor appealed only from the November Order. Although the November Order overruled Rockland's objection to the Debtor's claim of exemption and denied without prejudice the

Debtor's Motion to Avoid Lien, at oral argument the parties agreed that the Debtor was only appealing the denial of its lien avoidance motion. *See* RA at 152.

discretion in applying section 522(f) as the statute provides "a 'simple arithmetic test' to determine whether an exemption is impaired." *In re Ostroff*, 238 B.R. 239, 240 (Bankr.D.R.I.1999) (citations omitted); *see also In re Plott*, 220 B.R. 596, 597 (Bankr. N.D.Ohio 1998). At the oral argument before the BAP on March 21, 2002, both parties agreed that section 522(f) calls for the mechanical application of the formula without consideration of other factors.

■ Upon reviewing the November Opinion and the November Order it is clear to the Panel that the court did not apply a strict mathematical test to the Lien Motion, but instead looked to the prejudice Rockland would suffer if the Debtor were allowed to avoid Rockland's lien based upon the new State Exemptions claimed by the Debtor. While the Panel agrees that prejudice to a creditor is a factor that can be taken into account when deciding whether to allow a debtor to amend his or her schedules, such factors are not appropriate when considering a motion to avoid a lien pursuant to section 522(f). The statute on its face provides for a straight mathematical formula and contains no provision for a court to consider other factors. Further, case law has not established any exceptions to the formula provided in section 522(f) and this Panel does not find any ground for establishment of such an exception. As the court did not apply a strict mathematical test to the Lien Motion when it rendered its November Opinion and November Order, the Panel finds that the court's November Or-

der regarding the Lien Motion must be vacated.

### C. Status of Rockland's Objection to the Motion to Amend.

Ordinarily, the vacating of the bankruptcy court's order would end the Panel's consideration of an appeal. However, the unique circumstances of this case require the Panel to address one other issue related to the matter before it. In its May Opinion and May Order the bankruptcy court reserved the issue of Rockland's prejudice with regards to the Motion to Amend until the hearing on the Lien Motion. As was discussed in section III *supra* the court specifically stated that it was making no ruling with regards to Rockland's prejudice objection to the Motion to Amend. The court went on to say that it was reserving the issue to the hearing on the Lien Motion. Accordingly, there was no final order in May regarding the Motion to Amend, at least as to Rockland's objection.[3]

In its November Opinion and November Order the bankruptcy court made no specific rulings with regards to the Motion to Amend. Once the court denied the Lien Motion on prejudice grounds there was no need for the court to address the prejudice issue as it related to the Motion to Amend as the issue had essentially become moot. Since the Panel has found that the bankruptcy court improperly applied a prejudice standard in denying the Lien Motion, the prejudice objection raised by Rockland with respect to the Motion to Amend is no

---

**3.** The Panel notes that even in the absence of the court's language, it is not clear to the Panel that the May Order would have been a "final order" for the purposes of appeal as objections to the newly claimed exemption were not heard until November. *See Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 646 (1st Cir. BAP 1998) ("A decision is final if it 'ends

the litigation on the merits and leaves nothing for the court to do but execute the judgment.' ... An interlocutory order, on the other hand, is one which 'only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.' ") (quoted sources not provided).

**6**

longer moot. Accordingly, the Panel must consider whether Rockland's prejudice argument with respect to the Motion to Amend may be properly considered by the bankruptcy court on remand.

 Rule 1009(a) of the Federal Rules of Bankruptcy Procedure allows a debtor to amend his or her schedules as a matter of course any time prior to the case being closed. Case law, however, has established two clear exceptions to a debtor's right to amend his or her schedules, prejudice and bad faith. *See, e.g., Osborn v. Durant Bank & Trust Co.,* 24 F.3d 1199, 1206 (10th Cir.1994); *In re Yonikus,* 996 F.2d 866, 872 (7th Cir.1993); *Stinson v. Williamson (In re Williamson),* 804 F.2d 1355, 1358 (5th Cir.1986); *Arnold v. Gill (In re Arnold),* 252 B.R. 778, 784 (9th Cir. BAP 2000); *Pope v. Clark (In re Clark),* 274 B.R. 127, 136 (Bankr.W.D.Pa.2002). Case law has also established that the prejudice need not be to the bankruptcy estate or to the creditor body as a whole. *See, e.g., Osborn,* 24 F.3d at 1206; *In re Blaise,* 116 B.R. 398, 400–01 (Bankr.D.Vt. 1990). Prejudice to the trustee or a single creditor will suffice. *Id.*

Accordingly, the Panel finds that Rockland's prejudice objection to the Motion to Amend could have properly been decided by the bankruptcy court had the issue not been moot due to the court's consideration of prejudice in ruling on the Lien Motion. As the Panel has vacated the bankruptcy court's ruling on the Lien Motion, Rockland's prejudice objection to the Motion to Amend is no longer moot. Therefore, the Panel finds that it is necessary to remand the case to the bankruptcy court for consideration of and rulings on Rockland's prejudice objection to the Motion to Amend.

## V.   Conclusion

For the reasons set forth above we VACATE the bankruptcy court's November Order on the Lien Motion and REMAND the case to the bankruptcy court for consideration of and rulings on Rockland's prejudice objection to the Motion to Amend and the Lien Motion consistent with this opinion.