In re Robert A. GOVONI and Vicki
A. Govoni, Debtors.

No. 01–18555–WCH.

United States Bankruptcy Court,
D. Massachusetts.
Eastern Division.

Dec. 19, 2002.

Thomas H. Souza, Carter & Associates, Mashpee, MA, for Debtor.

## MEMORANDUM OF DECISION

WILLIAM C. HILLMAN, Bankruptcy Judge.

### I. *Introduction*

Previously in this case, I granted the motion of Robert A. Govoni and Vicki A. Govoni (the "Debtors") to amend their claimed state homestead exemption to include additional real property. Mahoney's Too Garden Center (the "Creditor"), which holds a lien on the additional real property, objects to the amendment and to the Debtors' ability to use the amendment to avoid its lien on the grounds that it did not get notice of the motion to amend and further that the Debtors are not entitled to alter their homestead exemption post-petition. For the reasons set forth below, I will enter an order vacating the order allowing the amendment, sustaining the Creditor's objection to the motion to amend and denying the lien avoidance motion.

### II. *Background*

On December 18, 2000, Robert A. Govoni filed a Declaration of Homestead on his residence which has an address of 14 Tuspaquin Road, Mashpee, Massachusetts ("Lot 1").[1] On February 22, 2002, the Debtors filed a petition for relief under Chapter 7. On Schedule A–Real Property, the Debtors listed two pieces of real estate. The first was Lot 1 which they disclosed has a fair market value of $265,000 and encumbrances in the amount of $207,618.82. They also described an ownership interest in "Land 12 Quinipen Road, Mashpee, Massachusetts" which has a fair market value of $2,000 and no en-

Kenneth I. Gordon, Lexington, MA, for Mahoney's Too Garden Center.

1. Although it was Robert Govoni who filed the declaration, the homestead exemption is also available to Vicki Govoni. *In re Ballirano,* 233 B.R. 11, 14 (Bankr.D.Mass.1999).

cumbrances ("Lot 2"). On Schedule C—Property Claimed as Exempt, the Debtors claimed a homestead exemption under Mass. Gen. Laws ch. 188, § 1 on Lot 1. They claimed the value of the exemption was $72,381.18 and the listed the fair market value of the property as $265,000.

On July 5, 2002, the Debtors filed a motion to amend Schedule C (the "Motion") to add Lot 2 to their state homestead exemption. As grounds, the Debtors admitted that they knew that they were purchasing two separate lots when they purchased Lot 1 and Lot 2 but stated that they consider them as one as they are abutting parcels. They assumed that the Declaration of Homestead protected both lots.

The Debtors explained that Lot 2 has little or no value as it is not a separately buildable lot. In support, they attached an opinion of a real estate broker who said that because the lots are contiguous, they cannot be sold separately. Moreover, the broker represented that the lot is not buildable because there is not adequate footage to meet the town's set back requirements. The Debtors stated that they considered petitioning the land court to merge the lots but decided not to do so as the cost was prohibitive. The Debtors also explained that Lot 2 contains the septic system for the house which is located on Lot 1. The certificate of service indicates that the Debtors served the Motion on some creditors and the Chapter 7 and U.S. Trustees but not the Creditor. On July 18, 2002, I granted the Motion.

On October 8, 2002, the Debtors filed a motion to avoid the judicial lien that the Creditor had obtained on April 19, 2001, in the amount of approximately $14,500. With the exception of the registered land information, the property to which the Debtors referred in this motion was Lot 1. The Debtors argued that after applying the formula found in 11 U.S.C. § 522(f), they were entitled to an order avoiding the Creditor's lien.

On October 15, 2002, the Creditor filed an objection to the lien avoidance motion conceding that the lien impaired the Debtors' exemption in Lot 1 but arguing that it could not impair an exemption in Lot 2 as the Debtors had no exemption on that lot. On November 12, 2002, the Creditor filed an amended opposition in which it represented that it never received a copy of the Motion and that had such service been made, the Creditor would have vigorously opposed the amendment to Schedule C. Simultaneously, the Creditor filed a motion seeking to set aside my order granting the Motion and to deny the Motion on the grounds that it had not been served with the same and had a meritorious objection.

The Creditor then presented several grounds for setting aside my order allowing the Motion and objecting to the amendment and the lien avoidance. First, it explained that despite the Debtors' contention that the Lot 2 has no value, the town assessor assessed Lot 2 at $29,500 and considers the lot as agricultural land. If Lot 2 were developed, claimed the Creditor, it would be worth more money. In support, the Creditor attached a survey which demonstrates that Lot 2 has significant frontage on its street and contains a shed and a greenhouse. It further pointed out that the Debtors' mortgage only references Lot 1, belying the Debtors' representation that the lots are treated as one. Lastly, the Creditor explained that the Debtors could have amended the homestead declaration to include Lot 2 up to the point at which they filed for bankruptcy relief but did not do so despite having been represented by counsel.

At the hearing, the Debtors explained that Lots 1 and 2 are contiguous lots. They further stated that under the state

law and the zoning by-laws of the town, they are essentially merged into one lot because they are both non-conforming lots. They said that any attempt to petition the town to convert the lots to buildable ones would be met with failure. They acknowledged that it would have been prudent to go to the land court to have the lots treated as one.

With respect to the service of the Motion, the Debtors explained that MLRB 9013–3(a) requires that motions shall be served on interested parties and those who have filed a notice of appearance. The Debtors explained that they did not serve the Motion on the Creditor principally because it did not file a notice of appearance and did not file a proof of claim. They further explained that although they considered that all creditors to be technically interested parties, they concluded that they followed the letter of the rule even though they did not served the Creditor.

### III. *Analysis*

In order to determine the lien avoidance motion, I must first determine the scope of the Debtors' homestead by reviewing the merits of the Creditor's motion to vacate my order granting the Motion.

A debtor may amend a schedule at any time before the case is closed and shall give notice of such amendment to the trustee and "any entity affected thereby." Fed. R. Bankr.P. 1009(a). In this case, the Debtors amended their Schedule C by way of the Motion. The Debtors acknowledge that MLRB 9013–3(a) requires that a motion be served on those who have filed a notice of appearance and interested parties.

■ The first question for me to decide is whether the Creditor is an interested party or a party affected by the amendment and therefore entitled to notice of the Motion. The Bankruptcy Code does not define the phrase "interested party" and there is scant applicable case law. In one case, a debtor was ordered to serve on interested parties a copy of an order which allowed the debtor to add a creditor to a petition and provided deadlines by which the creditor could file actions under 11 U.S.C. §§ 523 and 727. *In re Ginsberg*, 164 B.R. 870, 873 (Bankr.S.D.N.Y.1994). Certain judgment creditors argued that they were interested parties and that the failure of the debtor to serve them with the order should result in their receiving the same extended deadlines as the added creditor. *Id.* at 874. The court concluded that the judgment creditors were not interested parties entitled to receive a copy of the order because they had neither filed a notice of appearance nor did the order impact their rights. *Id.* at 875.

■ I agree with the *Ginsberg* result. If, as the Debtors in this case argued, an interested party is a subset of all creditors, that subset must include those creditors whose rights are impacted by a given order. By the Motion, the Debtors seek to expand their homestead to include a property upon which the Creditor holds a judicial lien. By granting the Motion, the Debtors now have the right to seek to avoid the judicial lien. Therefore, the Motion has an impact upon the Creditor by allowing the Debtors to cause the Creditor's claim to be treated as an unsecured claim rather than an secured one. Given that the Debtors' schedules do not presage a 100% dividend to unsecured creditors, such a transformation has a significant impact on the Creditor. As such, I conclude that the Creditor is both an interested party and a party affected by the Motion. Because the Creditor was not properly notified of the Motion, I will enter an order vacating the order allowing the Motion.

■ The propriety of allowing the Motion is now before me again along with the Creditor's objection thereto. Regarding Fed. R. Bankr.P. 1009(a), Judge Feeney recognized that amendments are generally freely permitted. *In re Robbins,* 187 B.R. 400, 403 (Bankr.D.Mass.1995). She further stated, "[h]owever, a bankruptcy court has discretion to refuse permission if the amendments would prejudice creditors, or the debtor has acted in bad faith or concealed assets." *Id.* As the United States Bankruptcy Appellate Panel of the First Circuit recognized, prejudice need not be to the entire creditor body but is sufficient if it is to the trustee or to a single creditor. *In re Snyder,* 279 B.R. 1, 6 (1st Cir. BAP 2002).

In another Massachusetts case, a debtor attempted to amend his exemption schedule post-petition to claim a homestead exemption for a declaration that he filed post-petition. *In re Garner,* No. MB 97–039 (1st Cir. BAP January 5, 1998). The bankruptcy judge denied the amendment in part because the creditors would be prejudiced by being subject to a lower rate of return than expected on the petition date. *Id.* The appellate panel, however, affirmed the order denying the amendment on the grounds that because the debtor did not have a state law homestead exemption on the petition date, the exemption which he sought to list was a nullity. *Id. See also In re Gardner,* 139 B.R. 460, 462 (Bankr.E.D.Ark.1991) ("Implicit in the rules allowing an amendment to a petition is the requirement that the amendment be in compliance with applicable substantive law.").

■ Under *Garner* and *Gardner,* the Motion cannot be granted because on the petition date the Debtor did not have an exemption in Lot 2. Further, under *Robbins, Snyder* and the lower court case in Garner, the Motion cannot be granted because the Creditor would be prejudiced because it would deny the Creditor the security interest it had in Lot 2 on the petition date. For these reasons, I will enter an order denying the Motion.

■ If I had allowed the Motion, under the rule that amendments are liberally allowed, and considered the Creditor's timely filed objection to the Debtor's attempt to amend a homestead exemption post-petition, the outcome would be no different. A debtor may exempt property from the estate under "the State or local law that is applicable on the date of the filing of the petition . . ." 11 U.S.C. § 522(b)(2)(A). Accordingly, the facts and law as they exist on the petition date determine the extent of a claimed exemption. *Zibman v. Tow (In re Zibman),* 268 F.3d 298, 302 (5th Cir.2001). "Under Massachusetts law, homestead is not an automatic right. The claimant must file a declaration of homestead." *Feinman v. Messia (In re Messia),* 184 B.R. 176, 177 (Bankr. D.Mass.1995). Mass. Gen. Laws ch. 188, § 2 provides that a homestead is obtained by setting forth the declaration in a deed or in a writing which is filed with the registry of deeds. The Supreme Judicial Court has stated that although homestead exemptions are to be liberally construed in favor of a debtor, to benefit from the same a debtor must comply with the explicit statutory filing requirements. *Shamban v. Masidlover,* 429 Mass. 50, 53, 705 N.E.2d 1136 (1999). Based upon the holding of, *inter alia, Masidlover,* I once held that a debtor was not entitled to a homestead exemption because the declaration was not filed with the registry until one week after the debtor filed for relief. *See In re Walsh,* No. 01–16459–WCH (Bankr. D.Mass. December 10, 2001).

■ In this case, the homestead was timely filed but specifically only covered Lot 1. If the Debtors had incorporated Lot 2 into the their residence, a pre-petition homestead declaration that listed the lot

may have been valid. *See e.g. In re Edwards*, 281 B.R. 439 (Bankr.D.Mass.2002) (ruling valid a pre-petition homestead declaration containing residence and additional lot); *In re Fiffy*, 281 B.R. 451 (Bankr. D.Mass.2002) (same). The right to amend the homestead exemption created under Massachusetts law terminated on the filing date. *See In re Walsh*, No. 01–16459–WCH (Bankr.D.Mass. December 10, 2001). As such, the Debtors could not amend their homestead exemption post-petition to include a lot of land not listed in the declaration of homestead. Accordingly, had the Motion been granted, ample grounds exist to sustain the Creditor's objection thereto.

Having ruled that the Motion should be denied, the Debtors are left with the homestead exemption only in Lot 1. In its opposition to the motion to avoid lien, the Creditor's sole objection was that the Debtors should not be able to avoid the Creditor's lien on Lot 2 as the Debtors have no exemption in that lot. Based upon the foregoing, the Creditor is correct. Accordingly, I will enter an order granting the lien avoidance motion as to Lot 1 and denying the motion as to Lot 2.